NAME
       Loren  J.  Crouse

PRISON NUMBER

       F-06742
CURRENT ADDRESS OR PLACE OF CONFINEMENT

       California  Men's Colony East      P.O. Box 8101
CITY, STATE, ZIP CODE

       San Luis Obispo,  California  93409

FILED

2008 JAN 28  PM 3:58

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____ DEPUTY

2254 ✓    1983
FILING FEE PAID
Yes____ No____
IFP MOTION FILED
Yes____ No____
COPIES SENT TO
Court____ Pro Se____

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

Loren James Crouse      ,
(FULL NAME OF PETITIONER)

              **PETITIONER**

       v.

John  Marshall   Warden  CMC-E ,
(NAME OF WARDEN, SUPERINTENDENT, JAILOR, OR AUTHORIZED
PERSON HAVING CUSTODY OF PETITIONER [E.G., DIRECTOR OF THE
CALIFORNIA DEPARTMENT OF CORRECTIONS])

             **RESPONDENT**
       and

The Attorney General of the State of
California, Additional Respondent.

Civil No _____
(TO BE FILLED IN BY CLERK OF U.S. DISTRICT COURT)

'08  CV 0166  IEG LSP

_____

**PETITION FOR WRIT OF HABEAS CORPUS**
Request for Evidentiary Hearing
( IN PRO SE)
UNDER 28 U.S.C. § 2254
BY A PERSON IN STATE CUSTODY

1.  Name and location of the court that entered the judgment of conviction under attack:
  San Diego Superior Court ( Downtown)

2.  Date of judgment of conviction:  February 14, 2005

3.  Trial court case number of the judgment of conviction being challenged:
  SCD184590

4.  Length of sentence:    (6) SIX Years

CIV 68 (Rev. Jan. 2006)

CV

5. Sentence start date and projected release date:

    November 29, 2005_ November 22, 2008

6. Offense(s) for which you were convicted or pleaded guilty (all counts):

    261 (a) (3)

7. What was your plea? (CHECK ONE)

    (a)  Not guilty          ☐
    (b)  Guilty              ☒
    (c)  Nolo contendere     ☐

8. If you pleaded not guilty, what kind of trial did you have? (CHECK ONE)

    (a)  Jury               ☐
    (b)  Judge only         ☐

9. Did you testify at the trial?

    ☐ Yes  ☒ No

## DIRECT APPEAL

10. Did you appeal from the judgment of conviction in the **California Court of Appeal**?

    ☒ Yes  ☐ No

11. If you appealed in the **California Court of Appeal**, answer the following:

    (a)  Result:
        Affirmed
    (b)  Date of result (if known):            August 18, 2006
    (c)  Case number and citation (if known): D047886  /  S146681
    (d)  Names of Judges participating in case (if known):

        David Gill
    (e)  Grounds raised on direct appeal:
        Wendes Brief

12. If you sought further direct review of the decision on appeal by the **California Supreme**

    **Court** (e.g., a Petition for Review), please answer the following:

    (a)  Result:  Denied
    (b)  Date of result (if known):   November 1, 2006
    (c)  Case number and citation (if known):

                            D047886  /  S146681

    (d)  Grounds raised:
                        Petition for Review

**13.** If you filed a petition for certiorari in the **United States Supreme Court**, please answer the following with respect to that petition:

    (a)  Result:

    (b)  Date of result (if known):

    (c)  Case number and citation (if known):

    (d)  Grounds raised:

### COLLATERAL REVIEW IN STATE COURT

**14.** Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Superior Court**?
[x] Yes  [ ] No

**15.** If your answer to #14 was "Yes," give the following information:

    (a)  **California Superior Court** Case Number (if known):

    (b)  Nature of proceeding:
Petition Writ of Habeas Corpus

    (c)  Grounds raised:
       Revocation of Probation,  Validity of Guilty Plea

    (d)  Did you receive an evidentiary hearing on your petition, application or motion?
      [ ] Yes  [x] No

    (e)  Result:  Denied

    (f)  Date of result (if known):
         January  26,  2007

**16.** Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Court of Appeal**?
[x] Yes  [ ] No

17. If your answer to #16 was "Yes," give the following information:

    (a) **California Court of Appeal** Case Number (if known):

    (b) Nature of proceeding:   Petition for Writ of Habeas Corpus

    (c) Names of Judges participating in case (if known)

        McINTYRE

    (d) Grounds raised:

Revocatin of Probation Validity of Guilty Plea, Ineffective  Counsel
Due Process

    (e) Did you receive an evidentiary hearing on your petition, application or motion?
        ☐ Yes ☒ No

    (f) Result:  Denied

    (g) Date of result (if known):  August 30, 2007

18. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Supreme Court**?
☒ Yes ☐ No

19. If your answer to #18 was "Yes," give the following information:

    (a) **California Supreme Court** Case Number (if known):

    (b) Nature of proceeding:
        Pletition for Writ of Habeas Corpus

    (c) Grounds raised:

      Validity of Guilty Plea, Violation of Penal Code 1192.5 & § 1192.7
      Due Process, Ineffective assistance of Counsel, Self Incrimination

    (d) Did you receive an evidentiary hearing on your petition, application or motion?
        ☐ Yes ☒ No

    (e) Result: Denied

    (f) Date of result (if known):  November 14 2007

      CHIEF JUSTICE :  GEORGE

20.   If you did **not** file a petition, application or motion (e.g., a Petition for Review or a Petition for Writ of Habeas Corpus) with the **California Supreme Court**, containing the grounds raised in this federal Petition, explain briefly why you did not:

## COLLATERAL REVIEW IN FEDERAL COURT

21.   Is this your **first** federal petition for writ of habeas corpus challenging this conviction?
       ☒ Yes ☐ No        (IF "YES" SKIP TO #22)
       (a)   If no, in what federal court was the prior action filed?
       (i) What was the prior case number?
       (ii)  Was the prior action (CHECK ONE):
                 Denied on the merits?           ☐
                 Dismissed for procedural reasons? ☐
       (iii) Date of decision:
       (b)   Were any of the issues in this current petition also raised in the prior federal petition?
                 ☐ Yes ☐ No
       (c)   If the prior case was denied on the merits, has the Ninth Circuit Court of Appeals given you permission to file this second or successive petition?
                 ☐ Yes ☐ No

**CAUTION:**
- **Exhaustion of State Court Remedies:**  In order to proceed in federal court you must ordinarily first exhaust your state court remedies as to each ground on which you request action by the federal court.  This means that even if you have exhausted some grounds by raising them before the California Supreme Court, you must first present **all** other grounds to the California Supreme Court before raising them in your federal Petition.
- **Single Petition:**  If you fail to set forth all grounds in this Petition challenging a specific judgment, you may be barred from presenting additional grounds challenging the same judgment at a later date.
- **Factual Specificity:**  You must state facts, not conclusions, in support of your grounds.  For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do.  A rule of thumb to follow is — state who did exactly what to violate your federal constitutional rights at what time or place.

## GROUNDS FOR RELIEF

22. **State** *concisely* **every ground on which you claim that you are being held in violation of the constitution, law or treaties of the United States. Summarize** *briefly* **the facts supporting each ground.** (e.g. what happened during the state proceedings that you contend resulted in a violation of the constitution, law or treaties of the United States.) If necessary, you may attach pages stating additional grounds and/or facts supporting each ground.

(a) **GROUND ONE:** The Petitioner entered into a negotiated deal that was induced byErroneous information from Defense Counsel, and by misleading information printed on the change of plea form. Therefore the plea was entered on grounds that were non-factual and should be void, as it was unknowingly and therfore involuntary

**Supporting FACTS:**

Petitioner entered into a negotiated plea on February 14, 2005 based on information that should have been known by Defense Counsel to be false, pursuant to § 1192.7 Petitioner was told that all Consequences were true and correct. Petitioner signed the Plea Agreement because he was under the impression that he was agreeing to a non-serious offense, and not a strike. Petitioner Listened to his Counsel at the time because he was a layman,and because he was getting a good deal.

When Petioner was received at the Department of Correction He discovered that he did not get what he agreed to in the sentencing Court. Petitioner's Counselor had told Petitioner that he did infact have a Strike, and that Petitioner was Convicted of a serious Crime. Petioner knew that he agreed to a stipulated plea agreement that said that Petitioner would not be convicted of a serious/violent crime, nor would it be a strikable offense. (See Exhibits 9(a) - 9(d) ). On page two of three( Ex 9(c) on the Consequences of Plea of Guilty page , on item (7C) It cleARLY states that: "I understand that my conviction in this case will be a serious/ violent Felony ("strike"). This item.,,"Consequence (7C)" . was CROSSED OUT, and NOT INITIALED BY PETIOTIONER.

Had Petitioner known that he was signing to a strike or a serious Felony, Petitioner would have kept his original plea of not-guilty and elected to stand Trial, had petitioner not been prejudiced by the Erroneous information on the change of Plea form, and by Defense Counsel's guidence. Thereby not getting what Petitioner Bargained for.

**Did you raise GROUND ONE in the California Supreme Court?**

☑ Yes ☐ No.

If yes, answer the following:

(1) Nature of proceeding (i.e., petition for review, habeas petition): Petition for Writ of Habeas Corpus

(2) Case number or citation: D051086 / S156333

(3) Result (attach a copy of the court's opinion or order if available): Denied

**(b) GROUND TWO:** Petitioner was Deprived of Due Process of Law when he was not given notice of his Probation reporting instructions, nor conditions as to what Petitioner was required to do once released from jail. As this was the duty of the Probation Department pursuant to §1203.7 And was Under the impression that Petitoner would be allowed to Leave the state To reside and start his Probation in his Domicile State As discussed in Court Transcripts.

**Supporting FACTS:**

1) Petitioner was in Court July 15th 2005, for a motion to withdraw his Guilty Plea , that motion was ultimately Denied, and that hearing turned into a sentencinghearing.

2) Once the Hearing switched petitioner did not understand what was going on, all Petitioner knew was that his plea was not being withdrawn. Petitioner asked Counsel what was going on, Counsel stated, " Don't worry we'll Appeal, You will be out in 5 months around Christmas and then you'll be able to go back home to Colorado."

3)When Petitioner asked Counsel Danny Davis "What was going on?", "what was the judge saying?", Counsel replied, "Don't worry I'll get the Transcript, Call me when you get to a phone." (see Exhibit # 2)

4)Petitioner later that day called Defense Counsel Danny Davis to ask what happened? Defense Counsel stated "you'll have to get started on your Appeal" Petitioner asked how did he do that? Counsel Stated that Petitioner would need his Family to send Mr. Davis 15,000 Dollars to get started on Petitioners Appeal. Petitioner told Defense Counsel that he could not afford to do this, Defense Counsel stated that Petitioner needed to find this money otherwise Defense Counsel would not help Petitioner, So Petitioner Was no longer able to reach Mr. Davis because of this reason and Mr. Davis Instructed his secretary's not to take Petitioner's calls.

5) So Petitioner sat in Jail waiting to be contacted by Mr Davis, and be given a copy of the transcript like he said in the court room, or to be contacted by the Probation Department, which never Happened.

6)On August 8, 2005 Petitioner was awakened at 2:00am and told to pack up his belongings, that he was going home. Petitioner was then lead down to the booking floor of the jail and was given his property, WHICH Petitioner did sign for, but that was it, ( the only thing that Petitioner did sign for.

7) The Lady in the window told Petitioner that" That was it," "Your Free To Go..." Petitioner Pulled out his Drivers Liscense and explained to her that I was from out of state, and not a resident of California, The Lady said" that's Fine sir, your Free to Go Home." Petitioner sat back down on the bench, The Lady in the window asked Petitioner, what was he still doing there? Petitioner answered Isn't There any Obligations That I have to do? The lady replied"NO..."

**Did you raise GROUND TWO in the California Supreme Court?**

[X]Yes [ ] No.

If yes, answer the following:

(1) Nature of proceeding (i.e., petition for review⟨habeas petition⟩:

(2) Case number or citation: D051086/S156333

(3) Result (attach a copy of the court's opinion or order if available):

Denied

GROUND TWO:

      8) Petitioner Assumed  that Counsel had gotten together with the Appropriate Persons to initiate the Interstate Compact Agreement as discussed in the Court Transcript ( See Exhibit 1(a) & 1(b)

      9)Therfore Petitioner With the advise from the releasing Authority and what Petitioner could remember from the hearing, Petitioner reasonably assumed that he was able to go back to his Domicile State where he Lived and had Family, just as it was agreed on in Court.

      10) No-Where on Any Transcript nor was Petitioner ever told that he had a duty to Report to any-one or any where "72 hours after relese from County Jail." See ( Exhibit 13 (a) &13(b) .

      11)Pursuant to §1203.7 The Probation Officer shal furnish to each person released on Probation... a written statement of terms of Conditions of Probation.

      12) In aditition to Probation, The duty to register under§290 specifically states" Prior to discharge, releasey be informed of his duty to Register under this section by th place of confinement"..."Require person to read and sign such form required by the Department of Justice stating the Duty has been explained to them." See (Exhibit C(1))

      13) No where is there a signature by Petitioner Stating that he read and was aware of any conditions of his Probation, nor did he sign any paper work pursuant to §290... and the Prosecution or state can not produce any paperwork to show that Petitioner did... This is a Violation of Petitioners Due Process Rights.

(TRIAL Counsel)

**(c)** **GROUND THREE**:       Defense Counsel Failed to Adequately investigate into
Defendant's Case and Argue the Mitigating Factors, and Present Extenuating
Circumstances.  These Clearly Outwieghed the aggravating Factors For the crime
and the Defendant. Thereforemsticking Petitioner with a harsher sentence than
necessarypursuant to C.R.C rule 4.421 §1170(b) §1473, Violating Petitioners USC'S
6,8 **Supporting** FACTS:
          Petitioner's DefensesCounsel failed to arguewith the pros-
ecution during the negotiations dealing with the Guilty Plea, To Elaberate
on the Mitigating Factors that would have Made Petitioner Eligible for the
(LOW) Mitigated Term, Pursuant to California's Determinate Sentencing Law. The
Incident was an Isolated one, and due to the Petitioners non-existant criminal
pastThis "LOW" End Term would have been Ideal For a first time Offender
(See Exhibit #4)
          Under the 6th Amendment of the United States  Constitution
one of the obligations of Defense Counsel is the concern of the faithful
representation of his client.  Such Representation frequently involves highly
practicle consideration of his client,aswell as specialized knowledge of the
Law.  Clearly by looking at exhibit #4, it shows thatwhen it  came time for
Defense Counsel and prosecution to to discuss  a plea deal. It should have
been most obvious that the (LOW) term of 3 years should have been stipulated.
Anything Less should have been refused by defense counsel right away.  Instead
Defense Counsel chose For no strategic Reason not to argue that the the overw
helming mitigating factors dwarfed theagravating Factors.  Defense Counsels
Failure to obtain  defendants express consent to a strategy conceding guit
to such an extrodinary unjustifiable punishment, was a violation of Petitioners
Due Process, and 5th,6th and 14th Amendment Rights Under The United States
Constitution.

**Did you raise GROUND THREE in the California Supreme Court?**

☒ Yes ☐ No.

    If yes, answer the following:

    (1)   Nature of proceeding (i.e., petition for review, (habeas petition):

    (2)   Case number or citation: DOS1086 / S156333

    (3)   Result (attach a copy of the court's opinion or order if available):
              Denied

## GROUNDS FOR RELIEF

22. **State *concisely* every ground on which you claim that you are being held in violation of the constitution, law or treaties of the United States. Summarize *briefly* the facts supporting each ground.** (e.g. what happened during the state proceedings that you contend resulted in a violation of the constitution, law or treaties of the United States.) If necessary, you may attach pages stating additional grounds and/or facts supporting each ground.

(a) **GROUND** 4 : INEFFECTIVE ASSISTANCE OF COUNSEL (TRIAL COUNSEL)    Judicial Bias &

Throughout the preliminary process Defense Counsel failed to adequatley look

best interests: As required by the 6th & 14th Amendments of the U.S. Const:

**Supporting FACTS:**

Also Petitioner suffered Judicial Bias that prejudiced Petitioner, From proving

his innocence.    FACTS: 1.) Counsel failed to argue at the preliminary hearing

in Petitioner's favor, Which inturn severly prejudiced Petitioner, and would

have undoubtfully resulted in a more favorable outcome for the Petitioner.

When the court did not allow Defense Counsel to use a Detramental Video as

evidence at trial, clearly showing the proof that what happen was clearly the

result and intentions, of the alleged Victim.

2.) Defence Counsel failed to aruge or compell the court, Why the evidence whic

--h clearly showed content for the Petitioner to be fully cleared of all charges

against him. Should be allowed to jury trial instead of concieding, without any

contest.    3.) Defense Counsel, an expirenced attorney of law, Should

have reasonably took in consideration that the prosecution would contest the

video introduced by the defense, and should have filed a motion to vacate the

order by the court, to supress the evidence, Which he did not. Counsel failed

**Did you raise GROUND ONE in the California Supreme Court?**

☒ Yes ☐ No.

    If yes, answer the following:

    (1)   Nature of proceeding (i.e., petition for review, habeas petition):

    (2)   Case number or citation: D05 1086 / S 156333

    (3)   Result (attach a copy of the court's opinion or order if available):

        Denied

to argue whatsoever when the tape was deemed a violation of " applicable Laws" as suggested

by the prosecution.

4.) Defense Counsel did not argue that it was obvious in ( A second poloygraph examination

video, that the prosecution introduced as evidence), That the Petitioner with a low I.Q.,

was led by the poloygraph examinator and psychologicially coerced, and intimidated into

making incriminating statements against Petitioner's free will, Defense Counsel failed to

object, and aruge that it could be easily proved with the help of a professional witness,

to testify based on the evidence on the tape, That the confession, was simply a product of

unconsitutional psychologicial coereion. And would be inadmissable, especially since defense

video was.        5.) Counsel failed to ask for a continuance to prepare a <u>competent</u> &

strategic defense, from the standpoint that they were at, instead; Counsel gave up. And

disregarded the fact that Petitioner was <u>Factually Innocent.</u> And instead instructed Petitioner

to plead gulity, because Defense Counsel had " Placed his eggs in one basket." And then

in turn, failed to effectivly assist Petitioner, into making an unwise, unnecessary decission;

simply, because Defense Counsel was "giving up". Violating the 5th,6th,and 14th Admenments

of the United States Constitution. Petitioner was under grave Durress, and was minipulated

by Defense Counsel.

**(b) GROUND 5 :**         MIRANDA VIOLATION... 5th and 14th Admendments.

**Supporting FACTS:** When Petitioner was interogated he was unconstitutionally coered into making incriminating statements induced by polograph examinator, Petitioner was uneducated with a law I.Q. and taken advantage of, After requesting assistance of counsel. Resulting in violation of Petitioner's Constitutional 5th and 14th Due Process Rights, and violated Petitioner's Miranda Rights, Petitioner was also under the influence of narcatocis when he was interigated and polygraph examinded.

Facts: 1.) Petitioner was contacted by Detective Mike Holden of the San Diego Sherriffs Dept., Regarding the allegation that Petitioner had been involved in a assault. Petitioner stated that it wasn't true and suggested that he be given a lie detector test to prove his innocence.

2.) Petitioner was never read his Miranda Rights.

3.) Petitioner maintained his innocence throughout the whole interigation process. Petitioner asked... if he could take the polovgraph examination so he could then leave, Petitioner arrived in the office of the polygraph Examinator, The first half hour the polygraph examinator, took advantage of the uneducated Petitioner and used familar items such as; Degrees and memorobilla from Petitioner's home state, to fool Petitioner. After befriending the petitioner and falsely gaining his trust, The polygraph examinator was awre of the intelligence level of the

**Did you raise GROUND TWO in the California Supreme Court?**

☒Yes ☐ No.

    If yes, answer the following:

    (1)   Nature of proceeding (i.e., petition for review, habeas petition):

    (2)   Case number or citation:  D051086 / S156333

    (3)   Result (attach a copy of the court's opinion or order if available):
        Denied

petitioner and used that to ultimatley coerce the petitioner.

4.) After buttering--up, the petitioner, the polygraph examinator asked questions directly intended to obtain a statement that would be enough to hold Petitioner. Petitioner was indued by polygrph examinator into believing that if he simply agreed to what the polygraph examinator was suggesting, that Petitioner could then go free; becasue he cooperated. Petitioner was nieve as he   actually did so, soely for the reason that he would be allowed to leave, and did notsee any harm, in doing so; because Petitioner was innocent, And he believed he had nothing to worry about. On top of that... Petitioner was under the influence of narcotics, and was never informed that his statements could and would be used against him.

5.)· Petitioner was fatigued, and very tired,was hungry, due to the influence of drugs from the same day he was arrested and interigated. Therefore, making an unwise, but unknowingly decision that was involuntary.

(c) **GROUND** 6 ·        I.A.C. / COUNSEL... PROBATION REVOCATION HEARING. (Revocation Counsel)

Defense Counsel at the Probation Revocation Hearing was less then effective, almost

to the fact that his performance was tantumount to a guilty plea, to the alleged

**Supporting FACTS:**

violations. Violating Petitioner's 5th,6th,and 14th Amendments.

FACTS: 1.) Defense Counsel failed to adequately investigate a proper defense

strategy, see: WIGGINS vs. SMITH 123 S.Ct. 2527. such as; Subpeonas for documented

evidence signed by petitioner acknowledging that he understood the conditions of

probation, or any reporting instructions, that were required by law ( Pursuant

to Penal Code 1203 ∅ ) Any releasing records used to initiate the release of the

petitioner from the custody of the San Deigo Sheriffs Dept. or a signed copy of

the registration requirements that were supposed to be read to Petitioner pursuant

to appliciable Penal Code sections... or the Affidavit of releasing employee who

was suposely responsible for specifically instructing Petitioner of his duties

, which in fact told Petitioner he had no duties or obligations in California,

And was simply free to " go home ". Even after Petitioner eplained and showed

the releasing employee his Colorado Driver's License, And telling that employee

'home' was in Colorado.

2.) The Court recomends to counsel, on the record; that a continuance would be

wise on the Defense Counsel's part for ppreperation ( See Exhibits 5(a)--5(c) ).

Counsel also conceeded to the court, and the Prosecution, That he had only just

read the suplemented probation report, while awaiting the arrival of Petitioner

**Did you raise GROUND THREE in the California Supreme Court?**

☒ Yes ☐ No.

If yes, answer the following:

(1)    Nature of proceeding (i.e., petition for review, habeas petition):

(2)    Case number or citation:    D051086 | S156333

(3)    Result (attach a copy of the court's opinion or order if available):    Denied

to the court room, Admiting that he did not even have an opportunity to review the contents

in the report. With Petitioner, He didn't discuss any discrepencys or strategy... Instead

Counsel, continued without concearn for the possible adverse effects of an unsuccessful

outcome of the revocation hearing. Also without the consent of Petitioner.

3.) Petitioner was denied vertually all of his Due Process Rights required within any revocation

hearing. Such as not being aware of the enaccuracys that were in the supplemental probation

report. Including a 'Duty to report to a probation office within 72 hours after release',

had not once been told or instructed to Petitioner. And since Petitioner was a layman and

not advised of his procedurial safeguards by his attorney, Petitioner did not know that he had

an opportunity to ' freely' address the court to contest the false allegations under oath,

to prove his innocence. ( See Exhibits 6(a)--6(c) ). Petitioner would have done so... But

without knowledge of Petitioner's 'MORISSEY & VICKERS' rights, that were never explained to

Petitioner by defense counsel, That by keeping silent during the accusations, Petitioner was

acquiescely waiving his rights, and the silence would be tantumount to a slow plea of guilty

to the alleged probation violations.

4.) Counsel failed to object whatsoever when the Prosecution was fabricating events and theories

, to change the demeanor of the court room. Petitioner also had witnesses in the courtroom

that had flew out from Petitioner's home State, That were willing to testify for the court,

to clear-up any discrepenices on the probation report; and also provide mitigating testimony

as to why probation should be reinstated ( See Exhibit 6(a)/6(b) ), Also denying Due Process for not

insisting on letting Petitioner's Family testify, along with just letting important evidence;

and Petitioner's testimony just ' roll of the back of the court', Like unto the water off

a Duck's back. Surely prejudicing Petitioner's chances for a more favorable outcome at the

probation hearing.

**(d)  GROUND  7 ·    ABUSE OF DISCRETION... TRIAL COURT**

Trial court erred by failing to admonish an adequate inquiry as to whether there was a factual basis for the deal , or fully understand the nature of the charge he plead unto.
**Supporting FACTS:**

1.) Petitioner was factually innocent of the conviction to which he plead guilty unto ,Due to the coercion, duress , uneducated fratured mindstate of Petitioner; at the time of his guilty plea.

2.) Petitioner was induced into pleading guilty despite the fact that a video tape of a psycologicaly coerced forced coffession, into the evidence , which should have been surpressed by defense counsel. There minipulating Petitioner into pleading guilty to a crime he did not commit, because Petitioner was under extreme duress.

3.) The state of mind of Petitioner was unable of making a knowing and voluntary plea, The court had the duty to reject the plea based on lack of a full understanding, and likely unstability of Petitioner at the time of said plea. To fully reiterate that there was a factual basis, when there wasn't none. The court abused it's discretion, and defense counsel to properly repersent Petirioner.

See(Exhibits 7(a) - 7(L)

**Did you raise GROUND FOUR in the California Supreme Court?**

☒Yes ☐No.

If yes, answer the following:

(1)   Nature of proceeding (i.e., petition for review, habeas petition):

(2)   Case number or citation:  DOS1046 / S156333

(3)   Result (attach a copy of the court's opinion or order if available):
Denied

CIV 68 (Rev. Jan. 2006)                                                                    cv

23. Do you have any petition or appeal **now pending** in any court, either state or federal, pertaining to the judgment under attack?
    ☒ Yes    ☐ No

24. If your answer to #23 is "Yes," give the following information:
    (a) Name of Court: San Luis Obispo Superior Court
    (b) Case Number: HC 4262
    (c) Date action filed: 10/27/07
    (d) Nature of proceeding:
        Petition for Writ of Habeas Corpus
    (e) Name(s) of judges (if known):
    (f) Grounds raised:
        Prison Conditions / Discipline

    (g) Did you receive an evidentiary hearing on your petition, application or motion?
        ☐ Yes    ☐ No

25. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
    (a) At preliminary hearing . . . . . . . .
        Michael Pedretti (619) 531-8808
    (b) At arraignment and plea . . . . . . .
                "              "
    (c) At trial . . . . . . . . . . . . . . . . . . . .
                "              "
    (d) At sentencing . . . . . . . . . . . . . . .
        Daniel Davis (310) 659-5800 / (Revocation) Andrew Limberg (760) 806-4381
    (e) On appeal . . . . . . . . . . . . . . . . . .
        Leslie A. Rose    Appellate Defenders Inc. 333 W. Beech Street STE. 300 San Diego, CA 92101-2759
    (f) In any post-conviction proceeding .

    (g) On appeal from any adverse ruling in a post-conviction proceeding:

26. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
☐ Yes   ☒ No

27. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
☐ Yes   ☒ No

   (a)  If so, give name and location of court that imposed sentence to be served in the future:

   (b)  Give date and length of the future sentence:

   (c)  Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
     ☐ Yes   ☐ No

**28.** Consent to Magistrate Judge Jurisdiction

In order to insure the just, speedy and inexpensive determination of Section 2254 habeas cases filed in this district, the parties may waive their right to proceed before a district judge and consent to magistrate judge jurisdiction. Upon consent of all the parties under 28 U.S.C. § 636(c) to such jurisdiction, the magistrate judge will conduct all proceedings including the entry of final judgment. The parties are free to withhold consent without adverse substantive consequences.

The Court encourages parties to consent to a magistrate judge as it will likely result in an earlier resolution of this matter. If you request that a district judge be designated to decide dispositive matters, a magistrate judge will nevertheless hear and decide all non-dispositive matters and will hear and issue a recommendation to the district judge as to all dispositive matters.

You may consent to have a magistrate judge conduct any and all further proceedings in this case, including the entry of final judgment, by indicating your consent below.

Choose only one of the following:

☐ Plaintiff consents to magistrate judge jurisdiction as set forth above.

**OR**

☒ Plaintiff requests that a district judge be designated to decide dispositive matters and trial in this case.

**29.** Date you are mailing (or handing to a correctional officer) this Petition to this court:

12\19\07

Wherefore, Petitioner prays that the Court grant Petitioner relief to which he may be entitled in this proceeding.

_____

SIGNATURE OF ATTORNEY (IF ANY)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

_____12|14|07_____          _____
(DATE)                                   SIGNATURE OF PETITIONER

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

*0024* FEB 1 4 2005

By: B. Lindahl, Deputy

PEOPLE vs _Loren James Grouse_ **Defendant**

Court Number _CA184590_

DA Number _AAH181_

## PLEA OF GUILTY/NO CONTEST - FELONY

I, the defendant in the above-entitled case, in support of my plea of Guilty/No Contest, personally declare as follows:

1. Of those charges now filed against me in this case, I plead _Guilty_ to the following offenses and admit the enhancements, allegations and prior convictions as follows:

| COUNT | CHARGE | ENHANCEMENT/ALLEGATION |
|-------|--------|------------------------|
| 1 | PC 261(a)(3) | |
| | | |
| | | |
| | | |

PRIORS: (LIST ALLEGATION SECTION, CONVICTION DATE, COUNTY, CASE NUMBER, AND CHARGE)

2. I have not been induced to enter this plea by any promise or representation of any kind, except: (State any agreement with the District Attorney.) _stayed on condition defendant dismiss count 2, 6 years satisfies probation term of 6 years stip. 365 waive future 4019 credits complete probation approved sex offender probation polygraph tests lifetime registration, agree to periodic_ without fear or threat to me or anyone closely related to me.

3. I am entering my plea freely and voluntarily, without fear or threat to me or anyone closely related to me.

4. I understand that a plea of No Contest is the same as a plea of Guilty for all purposes.

5. I am sober and my judgment is not impaired. I have not consumed any drug, alcohol or narcotic within the past 24 hours.

## CONSTITUTIONAL RIGHTS

6a. I understand that I have the right to be represented by a lawyer at all stages of the proceedings. I can hire my own lawyer or the Court will appoint a lawyer for me if I cannot afford one.

<u>I understand</u> that as to all charges, allegations and prior convictions filed against me I also have the following constitutional rights, which I now give up to enter my plea of guilty/no contest:

6b. I have the right to a **speedy and public trial by jury**. I now give up this right.

6c. I have the right to **confront and cross-examine all the witnesses** against me. I now give up this right.

6d. I have the right to **remain silent** (unless I choose to testify on my own behalf). I now give up this right.

6e. I have the right to **present evidence in my behalf** and to have the court subpoena my witnesses at no cost to me. **I now give up this right.**

Page one of three

PLEA OF GUILTY/NO CONTEST - FELONY

*Exhibit 9(b)*

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | For Court Use Only 0025 |
|---|---|
| **PEOPLE vs** **Defendant** | |
| **PLEA OF GUILTY/NO CONTEST – FELONY** | Court Number:<br>DA Number: |

**I, the defendant in the above-entitled case, in support of my plea of Guilty/No Contest, personally declare as follows:**

1. Of those charges now filed against me in this case, I plead _____ to the following offenses and admit the enhancements, allegations and prior convictions as follows:

| COUNT | CHARGE | ENHANCEMENT/ALLEGATION |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

| PRIORS: (LIST ALLEGATION SECTION, CONVICTION DATE, COUNTY, CASE NUMBER, AND CHARGE) |
|---|
| |
| |

2. I have not been induced to enter this plea by any promise or representation of any kind, except: *(State any agreement with the District Attorney.)* blakely waiver. waive all appeal rights. defendant to be remanded in 2 weeks. def. agrees to waive extradition + stip to upper term if he FTA's for sentencing. DA agrees that def. get past credits on case # CN137

3. I am entering my plea freely and voluntarily, without fear or threat to me or anyone closely related to me.

4. I understand that a plea of No Contest is the same as a plea of Guilty for all purposes.

5. I am sober and my judgment is not impaired. I have not consumed any drug, alcohol or narcotic within the past 24 hours.

## CONSTITUTIONAL RIGHTS

6a. I understand that I have the right to be represented by a lawyer at all stages of the proceedings. I can hire my own lawyer or the Court will appoint a lawyer for me if I cannot afford one.

**I understand** that as to all charges, allegations and prior convictions filed against me I also have the following constitutional rights, which I now give up to enter my plea of guilty/no contest:

6b. I have the right to a **speedy and public trial by jury**. I now give up this right.

6c. I have the right to **confront and cross-examine all the witnesses** against me. **I now give up this right.**

6d. I have the right to **remain silent** (unless I choose to testify on my own behalf). I **now give up this right.**

6e. I have the right to **present evidence in my behalf** and to have the court subpoena my witnesses at no cost to me. **I now give up this right.**

*Exibit 9(c)*

| Defendant | Coren Grouze | CASE NUMBER | CN184550 | 0026 |

## CONSEQUENCES OF PLEA OF GUILTY OR NO CONTEST

7a. I understand that I may receive this maximum punishment as a result of my plea: ___8___ years in State Prison, $ __10000__ fine and __4__ years parole (4, 7, life) with return to prison for every parole violation. If I am not sentenced to prison I may receive probation for a period up to 5 years or the maximum prison term, whichever is greater. As conditions of probation I may be given up to a year in jail custody, plus the fine, and any other conditions deemed reasonable by the Court. I understand that if I violate any condition of probation I can be sent to State Prison for the maximum term as stated above.

7b. I understand that I must pay a restitution fine ($200 - $10,000), that I will also be subject to a suspended fine in the same amount, and that I must pay full restitution to all victims.

7c. I understand that my conviction in this case will be a serious/violent felony ("strike") resulting in mandatory denial of probation and substantially increased penalties in any future felony case.

7d. I understand that if I am not a citizen of the United States a plea of Guilty or No Contest can or will result in removal or deportation, exclusion from admission to this country, and denial of naturalization.

7e. I understand that my plea of Guilty or No Contest in this case could result in revocation of my probation or parole in other cases, and consecutive sentences.

7f. My attorney has explained to me that other possible consequences of this plea may be: (Circle applicable consequences.)

(1) Consecutive sentences
(2) Loss of driving privileges
(3) Commitment to Youth Authority
(4) Registration as an arson / sex / narcotic offender
(5) Cannot possess firearms or ammunition
(6) Blood test and saliva sample

(7) Priorable (increased punishment for future offenses)
(8) Prison prior
(9) Mandatory prison
(10) Presumptive prison
(11) Sexually Violent Predator Law
(12) Possible/Mandatory hormone suppression treatment

(13) Reduced conduct credits    *is Not Circled*
(a) Violent Felony (No credit or max. 15%)
(b) Prior Strike(s) (No credit to max. 20%)
(c) Murder on/after 6/3/98 (No credit)
(14) Loss of public assistance
(15) AIDS education program
(16) Other: _____

## OTHER WAIVERS

8. **(Appeal Rights)** I give up my right to appeal from the judgment in this case based on: 1) denial of my 1538.5 motion, 2) issues regarding priors allegations, and 3) any sentence within the terms herein specified.

9. **(Harvey Waiver)** The sentencing judge may consider my prior criminal history and the entire factual background of the case, including any unfiled, dismissed or stricken charges or allegations or cases when granting probation, ordering restitution or imposing sentence.

10. **(Arbuckle Waiver)** I understand that I have the right to be sentenced by the same judge who accepts this plea. I give up this right and agree that my sentence may be imposed either by the judge who accepts this plea or by a different judge.

11. **(Probation Report)** I give up my right to a full probation report before sentencing.

*Exzibit 9(d) 0026.01*

| Defendant | *Loren Gonze* | CASE NUMBER *CN184590* |
|---|---|---|

## PLEA

12. I now plead Guilty/No Contest and admit the charges, convictions and allegations described in paragraph #1, above. I admit that on the dates charged, I: *(Describe facts as to each charge and allegation)*

*Knowingly + unlawfully had sexual intercourse with the victim,* *LC*
*not my spouse, when she was prevented from resisting* *LC*
*by an intoxicating substance.*

13. I declare under penalty of perjury that I have read, understood, and initialed each item above and any *LC* attached addendum, and everything on the form and any attached addendum is true and correct.

Dated: _2/14/05_    Defendant's Signature _____

Defendant's Address: _____

_____ Street

_____ City    State    Zip

Telephone Number: (_____)

Defendant's Right Thumb Print

## ATTORNEY'S STATEMENT

I am the attorney for the defendant in the above-entitled case. I personally read and explained to the defendant the entire contents of this plea form and any addendum thereto. I discussed all charges and possible defenses with the defendant, and the consequences of this plea. I personally observed the defendant fill in and initial each item, or read and initial each item to acknowledge his/her understanding and waivers. I observed the defendant date and sign this form and any addendum. I concur in the defendant's plea and waiver of constitutional rights.

Dated: _2/14/05_    _Millo Vedretti_    Attorney for Defendant _____ (Signature)
(Print Name)    (Circle one:  PD / APD / PCC / RETAINED)

## INTERPRETER'S STATEMENT (If Applicable)

I, the sworn _____ language interpreter in this proceeding, truly translated for the defendant the entire contents of this form and any attached addendum. The defendant indicated understanding of the contents of this form and any addendum and then initialed and signed the form and any addendum.

Dated: _____    _____    _____    _____
(Print Name)    Court Interpreter    (Signature)

## PROSECUTOR'S STATEMENT

The People of the State of California, plaintiff, by its attorney, the District Attorney for the County of San Diego, concurs with the defendant's plea of Guilty/No Contest as set forth above.

Dated: _2/14/05_    _Dwayne K. Moring_    _Dwayne K. Mo_    _____
(Print Name)    Deputy District Attorney    (Signature)

## COURT'S FINDING AND ORDER

The Court, having questioned the defendant and defendant's attorney concerning the defendant's plea of Guilty/No Contest and admissions of the prior convictions and allegations, if any, finds that: The defendant understands and voluntarily and intelligently waives his/her constitutional rights; the defendant's plea and admissions are freely and voluntarily made; the defendant understands the nature of the charges and the consequences of the plea and admissions; and there is a factual basis for same. The Court accepts the defendant's plea and admissions, and the defendant is convicted thereby.

Dated _14FEB05_    _____    _____
DAVID M. GILL    Judge of the Superior Court

PLEA OF GUILTY/NO CONTEST - FELONY    Page three of three

SDSC CR-12(Rev. 10-99)

141

*Exhibit #2*

1        MR. DAVIS:   YOU MIGHT WANT TO ALTER THE ORDER TO

2   REFLECT THAT.

3        THE COURT:   I WILL.

4        MR. DAVIS:   AND THEN THERE WAS A WORD OF ART THAT

5   BECAME A WORD OF DISPUTE IN OUR HEARING, THAT "SUSPENDED"

6   FOR SIX YEARS OR "STAYED."

7        THE COURT:   STAYED.

8        MR. DAVIS:   STAYED.

9        THE COURT:   THE JUDGMENT WILL BE --- OR, RATHER,

10  THAT NEEDS TO BE CHANGED TO SAY THAT THE EXECUTION OF THE

11  SENTENCE OF SIX YEARS IS STAYED.   SO WE'LL CHANGE THAT.

12           ALL RIGHT, ANYTHING ELSE?

13       MR. DAVIS:   NOTHING THAT I SEE, YOUR HONOR.

14       THE COURT:   ALL RIGHT.   NO LEGAL CAUSE APPEARING WHY

15  JUDGMENT SHOULD NOT NOW BE PRONOUNCED OTHER THAN WHAT HAS

16  ALREADY BEEN ADDRESSED AND RULED UPON BY THE COURT.   SO I

17  WAIVE FORMAL ARRAIGNMENT FOR THE PRONOUNCEMENT OF JUDGMENT.

18       MR. DAVIS:   YES, YOUR HONOR.

19       THE COURT:   ALL RIGHT.   THE JUDGMENT IS THAT HE'S

20  SENTENCED TO THE DEPARTMENT OF CORRECTIONS FOR THE

21  PRESUMPTIVE MID TERM OF SIX YEARS.   THE EXECUTION OF THAT

22  SENTENCE IS STAYED.   HE'LL BE PLACED ON PROBATION, WHICH IS

23  A RESULT OF THE STAYING OF THAT SENTENCE, FOR SIX YEARS.

24  THE FORMAL PROBATION, THE CONDITIONS, OF COURSE, WILL BE SET

25  FORTH IN DETAIL IN THE ORDER GRANTING PROBATION, A COPY OF

26  WHICH WILL BE SERVED ON MR. DAVIS.

27           BUT IN TERMS OF TIME IN CUSTODY, HE'LL BE

28  SENTENCED TO SERVE 365 DAYS IN THE CUSTODY OF THE SHERIFF AS

Exzibit #1(a)

77

1   he's been released and on probation?  Or both?

2       MR. MORING:  After release.

3       THE COURT:  After release.  Okay.

4           Is it contemplated that he's going to, ah, be

5   allowed to return to and live in, ah -- I guess it's the

6   state of Colorado -- under the interstate compact?

7       MR. MORING:  Your Honor, we won't be opposed to it if it

8   is approved through -- it goes through the proper channels

9   for the interstate compact.

10          My understanding would be when he first -- he

11  initially will be on probation out of San Diego County, and

12  the burden will be on him and his attorney to get it

13  processed through the interstate compact for him to return to

14  Colorado.

15

16  BY THE COURT:

17      Q   All right.  Is that your understanding, Mr. Crouse.

18      A   Yes, sir.

19      Q   So you're going to -- after you serve this 300-some

20  days more you're going to serve, then you're going to have t

21  stay in San Diego at least for some period of time.  I don't

22  know how quickly they can process those, frankly.  I --

23          Do you know, Mr. Pedretti?  You may have had more

24  experience than I have.

25      MR. PEDRETTI:  I'm pretty sure I can clear it while he's

26  in custody with Probation.  I think he would basically have

27  to report to the Hall of Justice one time, and I expect that

28  will be it.

Exzibit #1(h)

78

THE COURT:  You expect you'll have that in place by the time he's released?

MR. PEDRETTI:  Yes, your Honor.

THE COURT:  They will verify where he's going to be living and --

MR. PEDRETTI:  Yes.

THE COURT:  All right.  Well, I would think that would give him enough time.


BY THE COURT:

Q    But you may have to stay here some short period of time.  If you have to make those arrangements, you can make those arrangements?

A    Yes, sir.

Q    All right.  So probably the    any, ah, program approved program is going to be in the state of Colorado, where you'll be living.

Lifetime registration is mentioned.  That means register as a sex offender under 290 of our Penal Code.  And keep that registration current.

And I -- if you -- I don't know how aware you are of the current, ah, state of the law concerning registration of sex offenders, but that's an item of great interest and great attention in most communities and most law enforcement agencies.  So they're going to -- I think you can expect, at least here in California and in San Diego County, those registration requirements are vigorously enforced.  And I think we -- you should assume that that's going to be the

Exzibit # 13 (a)

1    WEAPON.

2              ATTEND AND SUCCESSFULLY COMPLETE A SEX OFFENDER

3    PROGRAM IF DIRECTED BY PROBATION AND, IF SO, AUTHORIZE

4    PROGRESS REPORTS AS REQUESTED AT HIS EXPENSE.

5              SUBMIT TO DNA TESTING PURSUANT TO PENAL CODE

6    SECTION 296.

7              NOT USE FORCE, THREATS OR VIOLENCE ON ANOTHER

8    PERSON.

9              SUBMIT TO TESTING, AIDS TESTING, PURSUANT TO

10   1202.1 BY SAN DIEGO SHERIFF'S OFFICE PRIOR TO HIS RELEASE.

11             PAY AN ADDITIONAL FINE OF $200 PURSUANT TO 290.3

12   TO PROBATION THROUGH REVENUE AND RECOVERY AT $50 PER MONTH.

13   I SEE THAT THAT'S INDICATED AS 30 DAYS.

14             IS THAT THE STANDARD?  THE OTHER PAYMENTS WERE 60

15   DAYS.  IS IT STANDARD FOR THAT $200 TO BE 30 DAYS OR IS

16   THERE A NECESSARY INCONSISTENCY THERE?

17       PROBATION OFFICER ROBINSON:  SIXTY WOULD BE FINE.

18       THE COURT:  OKAY, 60 DAYS THEN.

19             HIS RESIDENCE AND EMPLOYMENT ARE SUBJECT TO

20   APPROVAL BY THE PROBATION OFFICER.

21             UNDERGO PERIODIC POLYGRAPH EXAMINATIONS AT THE

22   DIRECTION OF THE PROBATION OFFICER WITH THE RESULTS OF THE

23   TESTS TO BE RELEASED TO THE PROBATION OFFICER.  THE

24   QUESTIONS WILL BE LIMITED TO ITEMS WHICH ARE RELEVANT TO THE

25   CRIMES OF WHICH HE WAS CONVICTED AND WILL ASSIST WITH

26   SUPERVISION, TREATMENT OR REHABILITATIVE EFFORTS.

27             NOT TO CONTACT ANNOY OR MOLEST CRYSTAL T.  NOT

28   ASSOCIATE WITH MINORS OR BE IN PLACES WHERE MINORS

Exzibit #          13(b)

1    CONGREGATE UNLESS WITH AN ADULT APPROVED BY THE PROBATION

2    OFFICER.

3              NOT PURCHASE OR POSSESS A CAMERA OR RELATED

4    PHOTOGRAPHIC EQUIPMENT, NOR POSSESS OR HAVE IN HIS RESIDENCE

5    TOYS, VIDEO GAMES OR SIMILAR ITEMS.  NOT POSSESS ANY

6    PORNOGRAPHIC MATERIAL, INCLUDING COMPUTER FILES OR DISKS; OR

7    FREQUENT AREAS OF PORNOGRAPHIC ACTIVITY, FOR EXAMPLE,

8    X-RATED BOOKSTORES AND SIMILAR PLACES.  NOT PARTICIPATE IN

9    COMPUTER CHAT ROOMS OR OTHERWISE CONTACT MINORS VIA THE

10   COMPUTER.

11             ALL RIGHT.  MR. CROUSE, THAT'S A LOT OF STRINGS

12   ATTACHED, A LOT OF CONDITIONS.  ARE YOU WILLING TO ACCEPT

13   PROBATION ON THOSE TERMS AND CONDITIONS?

14             I DON'T THINK ANY OF THAT IS OUT OF LINE AND

15   INCONSISTENT WITH WHAT THE AGREEMENT WAS.  BUT DO YOU ACCEPT

16   THE GRANT OF PROBATION ON THOSE TERMS AND CONDITIONS?

17        THE DEFENDANT:  YES, YOUR HONOR.

18        THE COURT:  THANK YOU.  THAT'S THE ORDER OF THE COURT.

19   DID I OVERLOOK ANYTHING?

20        MR. MORING:  I DON'T BELIEVE SO, YOUR HONOR.

21        THE COURT:  ALL RIGHT.  WELL, ALSO I'LL MAKE THE

22   REFERRAL AND HE'LL BE SERVED WITH THAT -- THOSE PAPERS TO

23   DETERMINE HIS ABILITY TO REIMBURSE ANY REIMBURSABLE COSTS.

24   THE COSTS OF THE PRESENTENCE INVESTIGATION ARE NOW SET AT

25   879 AND UP TO $79 PER MONTH FOR SUPERVISION.

26             IF HE FEELS THAT THE DETERMINATION THAT HE'S ABLE

27   TO PAY THOSE COSTS IS IN ERROR, HE CAN REQUEST A HEARING

28   BEFORE THE COURT TO ADDRESS THAT ISSUE.

GROUND 1   Case Law Pursuant to Penal Code Section

'Reporting Rules'   290 - (C)(1)

Any Person who is Convicted in This State of the Commission or attempted Commission of any of the offenses specified in Subdivision (a) and who is Released on Probation, shall Prior to Release or Discharge, be informed of the Duty to Register Under This Section by the Probation Department, and a Probation Officer Shall require the Person to read and sign any Form That may be Required by the Department of Justice, Stating that the Duty to Register under This Section has been explained to Him or Her. The Probation Officer Shall Obtain the Address where Person expects to Reside Upon Release or Discharge and shall Report within 3 Days the Address to The Department of Justice. The Probation Officer Shall give one Copy of the Form to the Person, Send one Copy to The Department of Justice, and Forward one Copy to the Appropriate Law Enforcement Agencies having Local Jurisdiction where Person expects to Reside Upon his or her Discharge, Parole, or Release.

Exhibit
#4

California Rules of Court    Rule 1.721.

Facts Relating to crime:    Agravating

a)
1    No    X
2    X
3    ✓ (Posibly but not aware to Defendt)
4    X
5    X
6    X
7    X
8    X.
9    X
10    X
11    X

Mitgating

a)
1    X
2    ✓
3    ✓
4    ✓ Intoxicated
5    ✓
6    ✓
7    ✓
8    X
9    ✓ Partial (Intox

Facts Relating to The Defendant:    Agravating

b)
1    X
2    X
3    X
4    X
5    X

Mitigating

b)
1    ✓
2    ✓ Intoxic
3    X
4    ✓
5    X
6    ✓

X = No        ✓ = yes

Exhibit 5(a)

148

1    SAN DIEGO, CALIFORNIA, TUESDAY, NOVEMBER 29, 2005, 9:12 A.M.

2                              --OOO--

3    THE COURT:  PEOPLE VERSUS LOREN CROUSE.  SCD184590

4    MR. MORING:  GOOD MORNING, YOUR HONOR.  DWAYNE MORING,

5    DEPUTY DISTRICT ATTORNEY, FOR THE PEOPLE.

6    MR. LIMBERG:  GOOD MORNING, YOUR HONOR.  ANDREW LIMBERG OF

7    THE LAW OFFICES OF WILLIAM F. NIMMO ON BEHALF OF MR. LOREN

8    CROUSE, WHO IS PRESENT BEFORE THE COURT IN CUSTODY.

9         ALSO PRESENT IN THE COURTROOM IS HIS GRANDMOTHER PEARL

10   BRYANT AND HIS UNCLE PETER.

11   THE COURT:  THANK YOU.

12        THE COURT RECOGNIZES THEM FROM THEIR EARLIER ATTENDANCE

13   AND CONTINUING INTEREST IN MR. CROUSE.

14        THE COURT BECAME AWARE THAT THE MATTER WAS ON THE

15   CALENDAR THIS MORNING I THINK ONLY YESTERDAY.  COUNSEL MAY HAVE

16   BEEN AWARE SOME TIME PRIOR TO THAT.  I'M NOT SAYING THAT BY WAY

17   OF COMPLAINT, JUST SO EVERYBODY UNDERSTANDS THAT I ONLY BECAME

18   AWARE OF HIS ARREST AND RETURN TO CALIFORNIA FROM COLORADO AND

19   BECAME AWARE OF THAT YESTERDAY.  MR. MORING WAS KIND ENOUGH TO

20   CALL THE COURT'S CLERK TO MAKE SURE, ONE, THAT WE WERE AWARE IT

21   WAS ON OUR CALENDAR THIS MORNING AND EXPLAINED HOW IT HAPPENED

22   THAT THE CASE HAD COME TO THIS DEPARTMENT I GUESS FROM JUDGE

23   SZUMOWSKI'S DEPARTMENT, WHERE IT MIGHT HAVE BEEN HEARD AS A MORE

24   NORMAL, ROUTINE PROCESSING OF SUCH MATTERS.

25        I DID MEET INFORMALLY WITH COUNSEL EARLIER THIS MORNING

26   WHILE WE WERE AWAITING THE ARRIVAL OF MR. CROUSE.  AND I HAD

27   ANTICIPATED THAT THE DEFENSE MIGHT ASK FOR SOME CONTINUANCE TO

28   PREPARE FOR THIS HEARING.  BUT THAT'S UP TO THEM.  IF THEY ARE

Exhibit 5 (b)

149

1    READY TO PROCEED, I'M READY TO PROCEED.  I HAVE RE-READ THE

2    ORIGINAL REPORT, IF YOU WILL, THE EARLIER PROBATION REPORT, WHICH

3    WAS PREPARED FOR A HEARING ORIGINALLY SCHEDULED FOR MARCH 28TH OF

4    2005.  I REVIEWED THAT, A COPY OF THAT REPORT, WHICH HAD SOME

5    ANNOTATIONS THAT I HAD MADE AT THE TIME TO REFRESH MY

6    RECOLLECTION.  AND I HAVE NOW RECEIVED, READ, AND CONSIDERED A

7    SUPPLEMENTAL REPORT FROM THE PROBATION DEPARTMENT FILED WITH THE

8    COURT TODAY WHICH COVERS THE ALLEGATIONS OF PROBATION VIOLATIONS

9    AND INCLUDES THE CURRENT RECOMMENDATION FROM THE PROBATION

10   OFFICER THAT PROBATION REMAIN REVOKED AND THE STAY ORDERED BY THE

11   COURT ON THE EARLIER COMMITMENT TO STATE PRISON FOR THE

12   STIPULATED SIX-YEAR TERM BE LIFTED AND THAT THAT TERM BE ORDERED

13   INTO EXECUTION.

14           COUNSEL ON BEHALF OF MR. CROUSE ASKED THE COURT THIS

15   MORNING WHETHER I WAS INCLINED TO INDICATE AT LEAST A TENTATIVE

16   POSITION OF THE COURT.  AND I INDICATED THAT I WAS AND THAT I

17   FELT IT WAS A FAIRLY PERSUASIVE CASE COULD BE MADE IN SUPPORT OF

18   THE PROBATION POSITION THAT THE PREVIOUSLY-STAYED SENTENCE SHOULD

19   BE ORDERED INTO EXECUTION AND THAT I EXPECTED THAT THE PEOPLE

20   WOULD ADOPT THAT SAME POSITION.  AND MR. MORING CONFIRMED THAT,

21   INDEED, THAT WOULD BE THE PEOPLE'S POSITION.

22           AND I INDICATED THAT IF THE DEFENSE MADE A REASONABLE

23   REQUEST FOR A SHORT CONTINUANCE OF THE MATTER TO PREPARE FOR THE

24   HEARING, I THOUGHT THAT WOULD BE REASONABLE.  COUNSEL INDICATED

25   HE FELT HE WAS READY TO PROCEED AT THIS TIME.  BUT WE DID DISCUSS

26   THAT INFORMALLY.

27           MR. MORING, I DON'T KNOW WHETHER AT THE OUTSET NOW

28   WHETHER YOU WANT TO FURTHER MAKE A RECORD IN TERMS OF HOW THE

Exhibit 5(c)

150

1    CASE GOT ON THIS COURT'S CALENDAR FOR THIS MORNING.  I WILL LEAVE

2    THAT UP TO YOU.  I THINK I UNDERSTAND THAT; BUT IF YOU WANT TO

3    MAKE A FURTHER RECORD IN THAT REGARD, I'LL CERTAINLY ALLOW YOU TO

4    DO SO.

5         MR. MORING:  I WILL BRIEFLY, YOUR HONOR.

6              THE DEFENDANT APPEARED IN FRONT OF JUDGE SZUMOWSKI FOR

7    AN APPEARANCE ON A WARRANT AT THE LAST COURT DATE.  I DON'T HAVE

8    THAT DATE IN FRONT OF ME, BUT THE COURT RECORDS WILL INDICATE

9    THAT.

10             AT THAT TIME MR. LIMBERG AND I INFORMED JUDGE SZUMOWSKI

11   THAT PREVIOUSLY YOUR DEPARTMENT HAD HEARD THE MATTER AND THAT YOU

12   WERE INTIMATELY FAMILIAR WITH THE FACTS OF THE CASE.  BASED ON

13   YOUR FAMILIARITY WITH THE CASE, BOTH DEFENSE COUNSEL AND I

14   REQUESTED THAT THE CASE BE PUT ON YOUR CALENDAR FOR YOU TO DECIDE

15   THE ISSUE OF THE APPROPRIATE SENTENCE.  AND THE PRIOR COURT DATE

16   WAS ON OCTOBER 26TH.

17        THE COURT:  THANK YOU.  I APPRECIATE THAT.  AS I SAY, I AM

18   NOT SAYING THAT THAT WAS THE FAULT OF ANYBODY, BUT IT JUST IN

19   FACT I DID NOT KNOW OF THE CURRENT STATUS OF THE CASE AND THAT

20   THE CASE WOULD BE ON MY CALENDAR I THINK UNTIL YESTERDAY.  BUT,

21   AS I SAY, I'M PREPARED TO GO FORWARD.  I HAVE REVIEWED THE

22   EARLIER REPORT.  I, AS MR. MORING CORRECTLY SUGGESTED, I STILL

23   HAVE A PRESENT RECOLLECTION IN SOME DETAIL OF THIS CASE BECAUSE

24   IT WAS THE SUBJECT OF SEVERAL HEARINGS, AND I FELT IN THE FINAL

25   ANALYSIS THE COURT HAD EXTENDED ITSELF, IF YOU WILL, FOR WANT OF

26   A BETTER TERM, IN GIVING MR. CROUSE EVERY OPPORTUNITY TO

27   DEMONSTRATE WHETHER HE COULD TAKE, BE ABLE TO OR WILLING TO TAKE

28   AN OPPORTUNITY TO DEMONSTRATE THAT PERHAPS THIS WAS A PERIOD OF

Exhibit 5(d)

1    ABERRANT BEHAVIOR AND THAT IT WAS A SITUATIONAL CRIME THAT MIGHT

2    NOT REPEAT ITSELF AND THAT HE DIDN'T REPRESENT A SUBSTANTIAL

3    DANGER.  I THINK THAT'S DEMONSTRATED BY THE FACT THAT I PLACED

4    HIM ON PROBATION NOT BY SUSPENDING THE IMPOSITION OF SENTENCE,

5    WHICH IS THE MORE NORMAL WAY AT LEAST THAT THIS COURT PLACES

6    PEOPLE ON PROBATION, BUT THE RATHER EXTRAORDINARY STEP OF

7    ACTUALLY SENTENCING HIM TO THE STIPULATED SIX-YEAR TERM BUT

8    STAYING THE EXECUTION OF THAT SENTENCE WHICH OVER THE YEARS THIS

9    COURT AT LEAST, AND I THINK GENERALLY, COURTS IN GENERAL, HAVE

10   DONE ONLY ON RATHER EXTRAORDINARY OCCASIONS.

11        AND I THINK PART OF THE INTENDED MESSAGE BEING THAT

12   YOU'VE ALREADY BEEN SENTENCED TO PRISON; YOU ARE GOING TO BE

13   GIVEN ONE LAST OPPORTUNITY TO DEMONSTRATE THAT THERE'S SOME

14   REASONABLE VIABLE ALTERNATIVE.  BUT DELIVER THAT MESSAGE AS

15   CLEARLY AS POSSIBLE.  AND I HAVEN'T REVIEWED THE TRANSCRIPT OF

16   THE ORIGINAL SENTENCING, THOUGH I'M CONFIDENT THAT THE COURT MADE

17   IT CLEAR TO MR. CROUSE THAT THE COURT CONSIDERED THIS TO BE A

18   RATHER EXTRAORDINARY HANDLING OF THE CASE, THAT I THOUGHT IT WAS

19   APPROPRIATE AT THE TIME, BUT I HOPED HE WOULD BE ABLE TO TAKE

20   ADVANTAGE OF THAT OPPORTUNITY AFFORDED HIM BY THE COURT.

21        WELL, FIRST OF ALL, COUNSEL, ARE YOU READY TO PROCEED

22   AT THIS TIME OR ARE YOU ASKING FOR --

23        MR. LIMBERG:  YES, I AM, YOUR HONOR.

24        THE COURT:  ALL RIGHT.

25        IS THERE ANY LEGAL CAUSE WHY JUDGMENT SHOULD NOT NOW BE

26   PRONOUNCED IN THE FORM OF ORDERING THE STAYED SENTENCE INTO

27   EXECUTION?

28        MR. LIMBERG:  IF I COULD ADDRESS THE COURT BRIEFLY, YOUR

Exhibit 6(a)

1    BIT.  LEE HAS BEEN A FAIRLY STABILIZING FORCE IN HIS LIFE.

2          AND OBVIOUSLY THEY TRAVELED A GREAT DISTANCE TO BE HERE

3    TODAY TO ADDRESS THE COURT IF THE COURT HAS ANY QUESTIONS FOR

4    THEM.

5          THE COURT:  IS MR. CROUSE LICENSED TO DRIVE IN COLORADO?

6          MR. LIMBERG:  IF I COULD INQUIRE, . . .

7          THE COURT:  YOU MENTIONED HE ASSISTS HIS GRANDMOTHER AND HIS

8    UNCLE, BUT DOES THAT INCLUDE DRIVING PLACES, PROVIDING

9    TRANSPORTATION?

10         MR. LIMBERG:  IF I COULD, . . .

11             (DISCUSSION OFF THE RECORD BETWEEN MR. LIMBERG

12         AND THE DEFENDANT.)

13         MR. LIMBERG:  HE'S INDICATED TO ME, YES, HE DOES HAVE A

14   LICENSE.  HE DOES DRIVE THEM AFTER DARK BECAUSE OF HIS

15   GRANDMOTHER'S FAILING VISION.

16             MR. CROUSE IS WILLING TO ADDRESS THE COURT ON ANY

17   ISSUES OR ANY QUESTIONS IT MAY HAVE.

18         THE COURT:  WELL, WHAT IS YOUR -- HAVE YOU BROUGHT ME UP TO

19   DATE PRETTY MUCH ON WHAT YOU WANTED ME TO KNOW, THEN, ABOUT --

20         MR. MORING:  YES, SIR.

21         THE COURT:  WHAT'S YOUR POSITION ON WHAT THE COURT SHOULD

22   DO?

23         MR. LIMBERG:  I WOULD ASK THE COURT THAT SINCE PROBATION IS

24   -- BASICALLY THE PURPOSE OF IT IS REHABILITATION, AND I BELIEVE

25   THAT'S MORE OF A PROCESS THAN AN END RESULT, WHEN PROBATION IS

26   GRANTED OBVIOUSLY SOMEONE IS NOT NECESSARILY SUDDENLY BECOMES AN

27   UPSTANDING CITIZEN, BUT WE PUT THEM IN A POSITION WHERE THEY

28   TRANSITION TO BE AN UPSTANDING CITIZEN.  AND I BELIEVE LEE IS

Exhibit 6(b)

1   A CERTAIN RANGE OF THE ACTUAL NUMBER THEY RELEASE THEM EARLY

2   ANYWAY?

3       MR. MORING:  I BELIEVE SO.  EVEN IF THE COURT SAYS WAIVE

4   4019'S.  I BELIEVE THE COURT -- I BELIEVE THE JAILS HAVE

5   ADDITIONAL CREDITS THAT THEY CAN APPLY PURSUANT TO PENAL CODE

6   SECTIONS OTHER THAN 4019.

7       THE COURT:  WHAT IS YOUR THOUGHT, COUNSEL, ON THE PURPOSE OF

8   HAVING HIM SERVE THE BALANCE OF 365, WHATEVER THAT MIGHT BE, WITH

9   OR WITHOUT ANY ADDITIONAL CREDITS?

10      MR. LIMBERG:  IDEALLY, YOUR HONOR, I WOULD LIKE TO SEE HIM

11  HOME FOR THE HOLIDAYS WITH HIS FAMILY.  BUT I UNDERSTAND THAT HE

12  DID -- PART OF THE BARGAIN WAS THAT HE WOULD DO 365 DAYS, AND I

13  DON'T WANT TO SEEM DISINGENUOUS AND GO BACK ON THAT.

14      THE COURT:  THAT'S JUST TO FULFILL THAT BARGAIN.

15      MR. LIMBERG:  YES, YOUR HONOR.  HIS ORIGINAL RELEASE DATE I

16  BELIEVE WAS DECEMBER 28TH.  I TRIED TO DO THE MATH.  AND WITH HIM

17  BEING OUT OF CUSTODY AND HIM NOT BEING IN CUSTODY, I THINK HIS

18  RELEASE DATE WOULD BE IN MARCH, ALTHOUGH I DON'T WANT TO CLOUD

19  THE ISSUE BECAUSE OBVIOUSLY THE CUSTODY CREDITS SEEM FAIRLY

20  COMPLICATED, AND I'M NO EXPERT IN THAT AREA.

21      THE COURT:  I MEAN IF THE ARGUMENT WAS, WELL, WE NEED TO TRY

22  TO MAKE SOME IMPRESSION ON HIM, ONE MIGHT THINK THAT HE'S BEEN --

23  THERE'S NO DISPUTE HE'S SERVED 257 ACTUAL DAYS, WHICH IS A

24  SIGNIFICANT AMOUNT OF TIME, YOU MIGHT THINK IF ANY IMPRESSION WAS

25  GOING TO BE MADE FROM SERVING TIME IN CUSTODY, IT WOULD HAVE BEEN

26  MADE ALREADY BY THAT AMOUNT OF TIME.  AND IT'S COME IN THREE

27  DIFFERENT INSTALLMENTS, SO HE KNOWS WE'RE SERIOUS ABOUT THIS.

28      MR. LIMBERG:  YOUR HONOR, HE'S PREPARED TO ADDRESS THE

Exhibit 6(c)

1    COURT.  I BELIEVE THE IMPRESSION HAS BEEN MADE AMPLY.  AND HE CAN

2    DISCUSS THAT.

3        THE COURT:  ALL RIGHT.  I'LL BE GLAD TO HEAR FROM HIM.

4            ANYTHING ELSE YOU WANT TO SAY IN RESPONSE TO MR.

5    MORING'S --

6        MR. LIMBERG:  JUST BRIEFLY, YOUR HONOR.

7            HAVING READ THE RECORD IN THIS CASE, THE COURT SEEMED

8    FAIRLY CLEAR THAT IT WOULD NOT PUNISH MR. CROUSE FOR HIM

9    EXERCISING HIS RIGHTS IN GOING TO TRIAL PERHAPS OR SEEKING TO

10   WITHDRAW HIS PLEA.  AND I DON'T THINK THAT'S REALLY AN ISSUE

11   HERE.  THE COURT WENT TO GREAT LENGTH TO EXPLAIN TO HIM THAT HE

12   WILL NOT BE PREJUDICED BY DOING WHAT HE NEEDED TO DO.

13       THE COURT:  ONE OF THE REASONS I WAS PERSUADED NOT TO LET

14   HIM WITHDRAW HIS PLEA BECAUSE I THINK WE SPENT A LOT OF TIME

15   TAKING THAT PLEA.  I MEAN I NORMALLY DO.  I HAVE THAT LUXURY HERE

16   IN THE TRIAL DEPARTMENT.  THE DISPOSITION DEPARTMENTS DON'T HAVE

17   THE LUXURY OF SPENDING QUITE AS MUCH TIME MAKING QUITE AS

18   THOROUGH A RECORD, BUT I DO.  AND SO I THINK HISTORICALLY I'VE

19   TRIED TO DO THAT.

20       MR. LIMBERG:  YES, YOUR HONOR.

21       THE COURT:  I HAVEN'T GONE BACK AND REVIEWED THAT

22   TRANSCRIPT.  I'M PRETTY CONFIDENT THAT --

23       MR. LIMBERG:  I APPRECIATE THE DIFFICULTIES THAT ALL PARTIES

24   IN THIS CASE HAD TO GO THROUGH TO GET THAT PLEA.  I KNOW THERE

25   WERE SOME ISSUES THAT PERHAPS WEREN'T ANTICIPATED AT THE TIME THE

26   PLEA WAS TAKEN THAT NEEDED TO BE LATER RESOLVED CONCERNING THE

27   PSYCHOLOGICAL EVALUATION AND THE CREDITS AND THINGS OF THOSE

28   NATURE.

Exhibit 8 (A)

1   victim testify.  And I think that is a benefit and that's

2   something we would weigh favorably for the defendant if he

3   pleads before trial.

4       THE COURT:  Well, that's -- that's something the Court

5   will take into account.  As I say, I said I didn't think

6   literally I would -- I would be particularly persuaded that

7   the separately stated circumstance in mitigation that an

8   early admission of guilt or responsibility would apply, but I

9   certainly will take into account that if you plead guilty

10  now, the victim will not have to testify; and, that's a

11  legitimate consideration on the part of the prosecution and

12  on the part of the Court, I think, to save her that what I'm

13  sure would be a nonpleasant experience for her.  And -- and,

14  also, it -- whether this is at an early stage or not, it

15  saves the Court and the prosecution some time and effort not

16  to have to try the case.  So I'll be mindful of that.

17      But, ah, again, that's -- if you plead, you're

18  giving up important rights.  And I don't want you to do that

19  unless that's your choice.  Unhappy as it may be.

20      There comes a time in life when we may have to make

21  some difficult, tough choices, and -- yes.

22      THE DEFENDANT:  That's my grandma.

23      THE COURT:  That's your grandma?  Okay.  Well, all right.

24  She's a family member, so -- okay.  She's your mom's mom or

25  your dad's mom.  Okay.  All right.

26      The other gentleman who has been here, is he a

27  family member or --

28      THE DEFENDANT:  He's any uncle.

Exhibit 8 (b)

70

1    THE GRANDMOTHER:  He has Down's Syndrome.  My brother-in-

2    law.  I take care of him.

3    THE COURT:  Well, I'm sure you're mindful of their --

4    their part in this trauma and take it into account.

5    Well, as I say, unhappy decisions have to be made

6    sometime.  We have to make the best of bad situations.

7    Well, do you want to go ahead now and change your

8    plea and proceed on the basis of this, ah, stipulated

9    agreement with the district attorney, or go to trial and see

10    what the jury says and see what the ultimate outcome may be?

11    That's -- I need to know your decision.

12    THE DEFENDANT:  Yes, I'd like to change --

13    THE COURT:  You'd like to change your plea?

14    THE DEFENDANT:  Yes, sir.

15    THE COURT:  All right.  Before I have you sworn, let me

16    ask you one more question here, which is, I think, very

17    important.  And it's No. 5 on the first page of the Change of

18    Plea form.  And the statement there is:  "I am sober and my

19    judgment is not impaired.  I have not consumed any drug,

20    alcohol or narcotic within the past 24 hours."

21    That means, as it says, any drug.  Prescription

22    drugs, or lawful or unlawful.  Anything that might have --

23    might affect your judgment, your understanding, your ability

24    to make some rationale, reasonable, free and voluntary

25    decisions.

26    You've, ah, initialed that box, which, I take it --

27    and you signed the form, of course -- which, I take it, means

28    that that is a true statement, that you are sober, your

1    with the expectation that you're going to go into custody and

2    start serving the time which is a condition of the, ah -- of

3    the, ah, probation.

4         But, ah, as I say, do you want to go ahead now on

5    that basis?  Are you ready to do that?

6         There comes a time when decisions have to be made.

7    Even difficult decisions.  I know you'd like the whole thing

8    to go away, but that's not going to happen, I think.  So you

9    have to be realistic, make some decisions, and now's the time

10.  when those decisions have to be made, I think.  And

11   apparently already have been made.

12         .    Again, I'm not trying to talk you out of anything.

13   But are you ready to go forward now and enter the plea and

14   proceed on the basis outlined in this Change of Plea form?

15         You know, if you're not, tell me that and we'll

16   forget about this and we'll proceed on to trial.  So that's

17   up to you.  But I kind of need to know now what your decision

18   is, or have you confirm that you have made the decision that

19   appears to be set forth in this form.

20         THE DEFENDANT:  Looking for a "yes" or "no"; right?

21         THE COURT:  Well, I think so.  I mean, anything short of

22   a "yes" I'm going to take as a "no" and we'll get the jury up

23   here and we'll go forward.

24         I think you understand -- I hope you understand

25   that, ah, it is sort of "yes" or "no" now.

26         I think as far as any commitment by the District

27   Attorney's Office, if you go forward, if we start the jury

28   trial now this afternoon or tomorrow, then I think all bets

1    Q    Um, the form indicates that you will enter a plea of

2 guilty to Count 1, which alleges, ah, that on or about June

3 26th, 2004, you unlawfully had and accomplished an act of

4 sexual intercourse with Crystal T., a person not your spouse,

5 when she was prevented from resisting by an intoxicating and

6 anesthetic substance, and that her condition was known or

7 reasonably should have been known to you at that time.  All

8 of that, ah, alleged to constitute a violation of 261(a)(3)

9 of the Penal Code, which is entitled in the Information as

10 "Rape of an Intoxicated Person."

11         The, ah, form then, ah -- well, is that your

12 decision, to plead guilty to Count 1, the rape of intoxicated

13 person?

14    A    Yes, sir, I think it is.

15    Q    All right.  Then the form goes on to say, "I have

16 not been induced to enter this plea by any promise or

17 representation of any kind, except" -- and that's where you

18 set forth in detail the agreement that has been reached.

19         And the language filled in is "dismiss Count 2" --

20 which alleges what sounds like a similar crime but it's

21 really a separate and distinct crime.  It has its own

22 separate elements of proof, although it's -- it's part of the

23 rape section of our Penal Code and it has some common

24 elements with Count 1.  But Count 2 alleges the rape of an

25 unconscious person.  That is, that you accomplished an act of

26 sexual intercourse with Crystal T., a person not your spouse,

27 when she was at the time unconscious of the nature of the

28 act.  Her unconscious state being known to you.

Exhibit # 7(C)

90

their testimony.

A    I think --

Q    We don't like to do that, but, in theory, we could do that.  If you felt there was somebody who you really think if he or she was truthful could help me with some testimony, but they don't want to come, we have ways of dealing with that and getting them here so you have the benefit of their testimony.

Do you understand that?

A    Yeah, I understand.

Q    Okay.  All right.

The, ah -- we now go to the second page, which has the bold-faced heading "Consequences of Plea of Guilty."  And there you indicate that you understand that the maximum punishment as a result of this plea to Count 1 would be eight years.  That would be the upper or aggravated term; $10,000 fine, or both; and, four years on parole, with return to prison for every parole violation.

So although the stipulation is to the presumptive mid-term sentence, ah, if you don't show up, that deal's off and, ah, if you went to trial, ah, the People would not be bound by that agreement, obviously, and they could argue and the Court could sentence you to the upper or aggravated term of eight years.

Do you understand that?

The stipulated six years, in effect, avoids the risk of the two additional years.

Do you understand that?

1    A    Yes, sir.

2    Q    All right.  The form goes on to say that:  "If I'm

3  not sentenced to prison I may receive probation for a period

4  up to 5 years or the maximum prison term" -- in this case,

5  the stipulation is that the term of your probation will be

6  six years.

7        You can always ask to have that term shortened.  You

8  know, if you've been successful for four or five years, you

9  can petition the court to shorten that six-year term.  But

10  initially, unless the court shortens it, it's going to be six

11  years.

12    MR. MORING:  Actually, your Honor --

13    THE COURT:  Is that --

14    MR. MORING:  -- the way I interpreted the offer is that

15  it's six years probation.  Not that he has the right to come

16  -- to come back at a certain period of time and ask for early

17  termination.

18        Actually, I would -- I'd ask --

19    THE COURT:  I didn't consider he was waiving that right.

20  But if you do -- I don't know that the Court would be very

21  likely to grant such a request, but I would assume that he

22  would have that right, unless you consider that he's giving

23  up that right.

24    MR. MORING:  Yes, I consider it a part of the plea

25  bargain that he's giving up the right to have a three year

26  probationary term -- or five year.

27    THE COURT:  All right.  That's a fair reading of that, I

28  think.  I think that's a fair reading.

Exibit # 1(e)

92

BY THE COURT:

Q    All right.  Is that your understanding, that, ah, it's going to be six years?  It's not going to be any more than that, but it's not going to be any less than that.

A    Yes, sir.

Q    All right.  So although you're not going to prison now, you may go to prison later if you violate any of the conditions of your probation.  And could include things other than committing a new crime.  I mean, that would be an obvious condition of violation of probation, if you commit a new crime.  But things like not reporting to the probation officer; not going to school; not keeping a job; not going to any assigned programs; ah, not testing -- if the probation officer thinks that you may be using some unlawful substance, he might require you to test -- or not taking the polygraph exam if he -- if he requires you to do so.

So you're going to have to do a lot of things that people that are not on probation don't have to do.  You need to understand that going in that, ah, there's going to be a lot of strings attached to your life in the next six years.  And if you know right now that you're not likely to abide by those conditions, then tell us that right upfront here and we'll talk about something else.

So that's understood by you, that your probation may be violated, you may wind up in prison to serve the rest of the six years, less the credits you get for doing something other than committing a new crime.

Do you understand that?

EXHIBIT # 7(F)

93

A    Yes.

What if I'm trying to get my job back?

Q    Well, I think if the probation officer thinks you are making every good faith effort to get your job back and the employer simply is not going to take you back, I don't imagine the probation officer or the Court's going to think that that's a violation of a condition of your probation.

A    No.  I mean --

Q    As long as you're making every good faith effort -- I realize with a conviction like this on your record, your -- that may limit your employment opportunities.  But, ah, we're going to expect ya to make a good faith effort, again, to get some employment or get some education or both.  But if you're doing your best, then we can't ask any more than that of ya.

A    Probation officer will look at me?  Is that what you're telling me?  That he'll look at the efforts I'm trying to make and he'll be --

Q    Well, a fairly standard condition of probation is that you maintain full-time employment, full-time education or some combination of the two.

A    That's not what I mean.  I just mean the job I had that paid for my college tuition, that's a very -- you know, I don't have rich parents, so --

Q    It's not going to have to be necessarily that job.  Is that your concern, that if you don't get that job back?

No, I'm not going to say it's going to have to be that job.  It's some job.  A job.  Not necessarily that job.

A    That's not what I mean.

EXHIBIT # 7(6)

94

1      Q    Well, what do you mean then?

2      A    I mean if the school wanted me back and they wrote

3  me letters to give to a judge, is that something I --

4      Q    Oh, sure.  I just said a full-time combination.

5  Either full-time school, full-time job, or some combination

6  of the two.

7         So if you're going to school full time, you're not

8  going to be required to work full time.

9      A    Not required.  But I'll still --

10      Q    Well, if you want to, that's fine.

11      A    Yeah.

12      Q    Well, sure.  We wouldn't discourage you from doing

13  that.  But if you're going to school full time, we're not

14  going to require you as a condition of probation to also be

15  working full time.

16         Is that your concern?

17      A    No.

18      Q    I'm not sure I understand what your concern is,

19  then, Mr. Crouse.

20      A    Just that this -- the fact that it's in a different

21  state, is that going to affect the fact that where I'm

22  working now, they're not going to care?

23      Q    Who's not going to care?

24      A    My job, my employer.

25      Q    Well, I don't know.  That's up to them.  I can't

26  speak for your employer.

27      A    I don't know.  Obviously, I don't know California

28  laws or I wouldn't be sitting here.

95

1    Q    Well, I can't speak for your employer.  I don't know
2  what difference it's going to make.  That would be up to the
3  employer.
4    MR. MORING:  Your Honor, it's my -- my understanding
5  would be that if he's required to register in California,
6  he's going to be required to register in Colorado.
7    THE COURT:  Well, yeah.
8
9  BY THE COURT:
10   Q    Is that your concern, about having to register?  I
11 thought you were talking about employment.
12   A    Yeah, that's kinda sorta --
13   Q    You're going to be required to register in Colorado
14 and to submit proof to the authorities here in California
15 that you are registered at your current address in Colorado.
16   A    Yeah.  No problem with that.
17   Q    All right.
18   A    Yeah.  Never mind.
19   Q    Well, no --
20   MR. PEDRETTI:  I think he was concerned about what his
21 employer would say with this conviction.  And I explained to
22 him that it's up to his employer, it's not up to the Court.
23 I think he's --
24
25 BY THE COURT:
26   Q    I think that's correct.  Sure.  I mean, I -- this is
27 an employer for whom you had worked in the past?
28   A    Work and still work.  In fact, I came --

96

1    Q    Well, if you're a valued employee, I would hope

2  they'd take that into account.  You can certainly give them

3  your version of the case, what happened.  I mean, you're

4  going to be there in person to explain to them.  I'm not

5  going to be there to talk to your employer and tell them what

6  happened.  And Mr. Moring's not going to be there.  So you're

7  going to be the one that's going to tell the employer what --

8  what happened; what's the basis for this conviction.

9    A    Okay.

10    Q    And if you're somebody that they otherwise value as

11  an employee, then hopefully that will be in your favor and

12  they'll take that into account.

13    But I -- Mr. Pedretti's right, I can't speak for the

14  employer.  I don't know what --

15    A    Okay.

16    Q    Do they know about this?

17    A    No, not yet.

18    Q    All right.  Well, you're going to have to make your

19  explanation to them, you know, about -- I mean, they know you

20  periodically have had to come to California, I guess, to

21  attend to some business.  But --

22    A    Well, I -- one of the first job interviews I had

23  when I came out here in June was for San Diego Unified School

24  District.

25    Q    Okay.  You work for a school district back there?

26    A    Yes, sir.

27    Q    Well, this kind of conviction is not going to be a

28  plus, certainly; but, I can't say any more than that.

EXHIBIT (1)

97

1    A    Okay.

2    Q    I don't know what their position will be.  But I --

3    that's going to cause some difficulties for ya.  I think you

4    appreciate that and you understand that.  But beyond that, I

5    can't speak for them.  I wouldn't presume to speak for them.

6    So -- but if you're upfront with them, I'm sure they'll try

7    to be reasonable with you within their -- they're bound by

8    rules and regulations and laws too, so --

9    A    Sure.

10    Q    I guess you've taken all that into account.

11         Were you working directly with students?

12    A    Yeah.

13    Q    Well, that's going to be a problem.  I'm sure that's

14    going to be a problem for ya.  I expect you've considered all

15    that in making this decision, so -- I'd be lying to you if I

16    didn't suggest that's going to be a problem for you.  You

17    know that.  You know that's going to be a problem.  But

18    you'll have to work that out with them.

19         The Court's not going to actively intervene and make

20    it difficult for ya back there.  You're going to have to work

21    out some arrangement with those folks.  That's -- that's

22    going to be between you and the employer, I guess.

23         All right.  Well, there's some additional possible

24    consequences that are enumerated here.

25         Under Item 7f on the Change of Plea, it says, "My

26    attorney has explained to me that other possible consequences

27    of this plea may be" -- and then you're asked to circle the

28    applicable consequences.

1        The first one is the one we've just been talking

2   about "registration as a sex offender." And, of course,

3   keeping that registration current.

4        Convicted felon. You will not be able to possess

5   firearms or ammunition.

6        You may be required to submit blood or saliva

7   samples to be tested.

8        Ah, it becomes a prior felony conviction, which, ah,

9   can have the effect of increasing the punishment for future

10  offenses. And I assume that, ah, Colorado, like most

11  jurisdictions, has some similar equivalent law to the State

12  of California. So you -- if any subsequent, new,

13  later-in-the-future felony conviction occurs in Colorado, I'm

14  sure they have some provision that takes into account prior

15  convictions in other states; to wit:  This California

16  conviction, so they're going to know about it. In our modern

17  day recordkeeping, you can assume that they're going to know

18  about it.

19       And it may have some effect. It might prevent you

20  from being granted probation and, I think, ineligible for

21  probation. Or it might enhance, um, the sentence that you

22  otherwise would serve in the new conviction.

23       The next item circled is the prison prior, which,

24  ah, it won't be in California, unless your probation's

25  revoked and you go to prison, then it becomes a prison prior

26  which adds a year on to any sentence for any prior felony --

27  or any new felony conviction.

28       Again, I expect Colorado has some similar provision

104

1  victim, not my spouse, when she was prevented from resisting

2  by an intoxicateding substance."

3          And that's a true statement?

4      THE DEFENDANT:  Do I have to agree with it or what?

5      THE COURT:  Well --

6      THE DEFENDANT:  Then, yes.

7      THE COURT:  Yes?  All right.

8          Well, again, if you have any reservations about it,

9  this -- just tell me so and we'll have a jury panel here

10 tomorrow morning and we'll go to trial.

11     THE DEFENDANT:  I don't think it's fair to inconvenience

12 anyone else, including myself.

13     THE COURT:  All right.  Well, that's -- you've initialed

14 that.  You signed the form which includes that statement,

15 so you're pleading guilty based on that state of facts.

16         It says:  "Describe the facts as to each charge and

17 allegation."

18         I have to be satisfied there's a factual basis for

19 your plea.

20     THE DEFENDANT:  Yes, I agree.

21     THE COURT:  All right.  All right.  I'll accept your plea

22 of guilty based on that factual basis.

23         I'll accept your waiver of the rights that we've

24 discussed.  I think you understand those rights.  The rights

25 you have, the rights you're giving up by entering this plea

26 of guilty.

27         I think you've had time to think about it, make your

28 own free and voluntary choice to plead guilty on that factual

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS**

Loren James Crouse

2354    1983
FILING FEE PAID
Yes        No
IFP MOTION FILED
COPIES SENT TO
Clerk        Pros.

F I L E D
March 2008 JAN 28 PM 3: 58
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

**(b) COUNTY OF RESIDENCE OF FIRST LISTED** San Luis Obispo
**PLAINTIFF**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Loren James Crouse
PO Box 8101
San Luis Obispo, CA 93409
F-06742

**ATTORNEYS (IF KNOWN)**

'08 CV 0166 IEG LSP

**II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)**

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT**
(For Diversity Cases Only)

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).**

## 28 U.S.C. 2254

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ Marine | ☐ 310 Airplane | ☐ 362 Personal Injury-Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 RR & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC |
| ☐ Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☒ 530 General | ☐ 791 Empl. Ret. Inc. | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ Security Act | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

☒ 1 Original Proceeding  ☐ 2 Removal from State Court  ☐ 3 Remanded from Appelate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23    DEMAND $ _____    Check YES only if demanded in complaint: JURY DEMAND: ☐ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY (See Instructions):**    JUDGE _____    Docket Number _____

DATE    January 28, 2008

SIGNATURE OF ATTORNEY OF RECORD
R. Mullen