1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  GARY W. SCHONS
   Senior Assistant Attorney General
4  KEVIN VIENNA
   Supervising Deputy Attorney General
5  DANIEL ROGERS, State Bar No. 204499
   Deputy Attorney General
6   110 West A Street, Suite 1100
    San Diego, CA 92101
7   P.O. Box 85266
    San Diego, CA 92186-5266
8   Telephone: (619) 645-2283
    Fax: (619) 645-2191
9   Email: Daniel.Rogers@doj.ca.gov

10 Attorneys for Respondent

11            IN THE UNITED STATES DISTRICT COURT

12            FOR THE SOUTHERN DISTRICT OF CALIFORNIA

13

| | |
|---|---|
| 14  LOREN JAMES CROUSE, | 08-0166 IEG (LSP) |
| 15                    Petitioner, | **MEMORANDUM OF POINTS AND AUTHORITIES IN** |
| 16         v. | **SUPPORT OF RESPONDENT'S ANSWER TO PETITION FOR** |
| 17  JOHN MARSHALL, Warden, | **WRIT OF HABEAS CORPUS** |
| 18                    Respondent. | |

# TABLE OF CONTENTS

| | | Page |
|---|---|---|
| STATEMENT OF THE CASE | | 1 |
| STATEMENT OF FACTS | | 2 |
| ARGUMENT | | 3 |
| | I. ANY FAILURE TO ADVISE PETITIONER THAT RAPE OF AN INTOXICATED PERSON IS A STRIKE UNDER CALIFORNIA LAW DID NOT RENDER PETITIONER'S GUILTY PLEA INVOLUNTARY | 3 |
| | II. THE STATE COURT'S REJECTION OF PETITIONER'S SECOND CLAIM THAT HE WAS NOT ADVISED OF THE CONDITIONS OF HIS PROBATION WAS REASONABLE | 6 |
| | III. PETITIONER'S THIRD, FOURTH, AND FIFTH CLAIMS ARE BARRED UNDER *TOLLET V. HENDERSON* | 9 |
| | IV. THE STATE COURT REASONABLY REJECTED PETITIONER'S SIXTH CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL | 10 |
| | V. THE STATE COURT REASONABLY REJECTED PETITIONER'S SEVENTH CLAIM ATTACKING THE VALIDITY OF THE GUILTY PLEA | 11 |
| CONCLUSION | | 13 |

**TABLE OF AUTHORITIES**

                                     Page

**Cases**

*Anders v. California*
386 U.S. 738
87 S. Ct. 1396
18 L. Ed. 2d 493 (1967) ... 2

*Blackledge v. Allison*
431 U.S. 63
97 S. Ct. 1621
52 L. Ed. 2d 136 (1977) ... 11, 12

*Bradshaw v. Stumpf*
545 U.S. 175
125 S. Ct. 2398
162 L. Ed. 2d 143 (2005) ... 10, 12

*Brecht v. Abrahamson*
507 U.S. 619
113 S. Ct. 1710
123 L. Ed. 2d 353 (1993) ... 9

*Carey v. Musladin*
549 U.S. 70
127 S. Ct. 649
166 L. Ed. 2d 482 (2006) ... 7

*Earnest v. Dorsey*
87 F.3d 1123 (10th Cir. 1996) ... 7

*Estelle v. McGuire*
502 U.S. 62
112 S. Ct. 475
116 L. Ed. 2d 385 (1991) ... 6

*Gagnon v. Scarpelli*
411 U.S. 778
93 S. Ct. 1756
36 L. Ed. 2d 656 (1973) ... 7

*Greene v. Lambert*
288 F.3d 1081 (9th Cir. 2002) ... 7

*Hill v. Lockhart*
474 U.S. 52
106 S. Ct. 366
88 L. Ed. 2d 203 (1985) ... 5

*Himes v. Thompson*
336 F.3d 848 (9th Cir. 2003) ... 7

TABLE OF AUTHORITIES (continued)

| | Page |
|---|---|
| Lindh v. Murphy<br>521 U.S. 320<br>117 S. Ct. 2059<br>138 L. Ed. 2d 481 (1997) | 7 |
| Lockyer v. Andrade<br>538 U.S. 63<br>123 S. Ct. 1166<br>155 L. Ed. 2d 144 (2003) | 7 |
| Miranda v. Arizona<br>384 U.S. 436<br>86 S. Ct. 1602<br>16 L. Ed. 2d 694 (1966) | 9 |
| People v. Blackburn<br>72 Cal. App. 4th 1520<br>86 Cal. Rptr. 2d 134<br>(Cal. Ct. App. 1999) | 3 |
| People v. Equarte<br>42 Cal. 3d 456<br>722 P.2d 890<br>229 Cal. Rptr. 116 (Cal. 1986) | 4 |
| People v. Wende<br>25 Cal. 3d 436<br>600 P. 2d 1071 (Cal. 1979) | 2 |
| Rodriguez v. Rickets<br>777 F.2d 527 (9th Cir. 1985) | 11 |
| Smith v. Robbins<br>528 U.S. 259<br>120 S. Ct. 746<br>145 L. Ed. 2d 756 | 6, 7 |
| Strickland v. Washington<br>466 U.S. 668<br>104 S. Ct. 2052<br>80 L. Ed. 2d 674 (1984) | 10 |
| Tollett v. Henderson<br>411 U.S. 258<br>93 S. Ct. 1602<br>36 L. Ed. 2d 235 (1973) | 4, 9, 10 |
| United States v. Brownlie<br>915 F.2d 527 (9th Cir. 1990) | 6 |
| United States v. Dane<br>570 F.2d 840 (9th Cir. 1977) | 7-9 |

## TABLE OF AUTHORITIES (continued)

| | Page |
|---|---|
| *United States v. Schaflander*<br>743 F.2d 714 (9th Cir. 1984) | 10 |
| *United States v. Taylor*<br>802 F.2d 1108 (9th Cir. 1986) | 11 |
| *Woodford. v. Visciotti*<br>537 U.S. 19<br>123 S. Ct. 257<br>154, L. Ed. 2d 279 (2002) | 7 |

**Statutes**

| | |
|---|---|
| California Penal Code | |
| § 261(a)(3) | 1 |
| § 261(a)(3) | 3, 4 |
| § 262(a)(2) | 3 |
| § 262(a)(6) | 3 |
| § 263 | 4 |
| § 667(d)(1) | 3 |
| § 667.5(c) | 3 |
| § 667.5(c)(3) | 3 |
| § 1170.12(b)(1) | 3 |
| § 1192.7(c) | 3 |
| § 1192.7(c)(3) | 3, 4 |
| § 1203.067(a) | 5 |
| | |
| United States Code | |
| Title 28 | |
| § 2254 | 6 |
| § 2254(d) | 7 |
| § 2254(d)(1) | 7 |

**Other Authorities**

| | |
|---|---|
| Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) | 6, 7 |

1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  GARY W. SCHONS
   Senior Assistant Attorney General
4  KEVIN VIENNA
   Supervising Deputy Attorney General
5  DANIEL ROGERS, State Bar No. 204499
   Deputy Attorney General
6   110 West A Street, Suite 1100
    San Diego, CA 92101
7   P.O. Box 85266
    San Diego, CA 92186-5266
8   Telephone: (619) 645-2283
    Fax: (619) 645-2191
9   Email: Daniel.Rogers@doj.ca.gov

10 Attorneys for Respondent

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOREN JAMES CROUSE,<br><br>                        Petitioner,<br><br>         v.<br><br>JOHN MARSHALL, Warden,<br><br>                        Respondent. | 08-0166 IEG (LSP)<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF RESPONDENT'S ANSWER TO PETITION FOR WRIT OF HABEAS CORPUS |

### STATEMENT OF THE CASE

On February 14, 2005, Petitioner pled guilty in San Diego County Superior Court case number SCD184590 to one count of rape of an unconscious person (Cal. Penal Code § 261(a)(3)). (Lodgment 1 at 106.) On July 15, 2005, Petitioner was sentenced to six years in state prison, imposition of which was suspended, and placed on six years formal probation. (Lodgment 1 at 112.)

On September 7, 2005, Petitioner's probation was revoked, and an order to show cause issued. (Lodgment 1 at 80-85.) On November 29, 2005, the trial court ordered that Petitioner's probation remain revoked and his six-year prison term be imposed. (Lodgment 1 at 114.)

1  Petitioner sought a certificate of probable cause from the trial court. (Lodgment 1 at 87-90.)
2  The trial court denied the certificate of probable cause. (Lodgment 1 at 91.)
3  Petitioner appealed to the California Court of Appeal, Fourth Appellate District, Division One
4  in case number D047886. Petitioner's appellate counsel filed a brief pursuant to *People v. Wende*,
5  25 Cal. 3d 436, 600 P. 2d 1071 (Cal. 1979), and *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396,
6  18 L. Ed. 2d 493 (1967). (Lodgment 3.) Petitioner then filed a supplemental brief. (Lodgment 4.)
7  The Court of Appeal affirmed the judgment on August 18, 2006. (Lodgment 5.)
8  On September 27, 2006, Petitioner filed a petition for review in the California Supreme Court.
9  (Lodgment 6.) On November 1, 2006, the California Supreme Court denied Petitioner's petition for
10 review. (Lodgment 7.)
11 On December 4, 2006, Petitioner filed a petition for writ of habeas corpus in the San Diego
12 County Superior Court in case number HC18724. (Lodgment 8.) On January 26, 2007, the superior
13 court denied the petition. (Lodgment 9.) On February 7, 2007, and March 26, 2007, Petitioner filed
14 three additional habeas petitions in the superior court under the same case number. (Lodgment 10;
15 Lodgment 11; Lodgment 12.) On April 12, 2007, the superior court denied these petitions.
16 (Lodgment 13.)
17 On June 18, 2007, Petitioner filed a petition for writ of habeas corpus in the California Court
18 of Appeal in case number D051086.[1] On August 30, 2007, the Court of Appeal denied the petition.
19 (Lodgment 14.)
20 On September 14, 2007, Petitioner filed a petition for writ of habeas corpus in the California
21 Supreme Court in case number S156333. (Lodgment 15.) On November 14, 2007, the California
22 Supreme Court denied the petition. (Lodgment 16.)
23 On January 28, 2008, Petitioner filed the instant federal Petition. On February 27, 2008, this
24 Court ordered a response to the Petition.
25 ///
26 ///
27 ———
28  1. Respondent does not possess a copy of this petition.

## STATEMENT OF FACTS

Petitioner offered the following statement as the factual basis of his guilty plea:

"I knowingly and unlawfully had sexual intercourse with the victim, not my spouse, when she was prevented from resisting by an intoxicating substance." (Lodgment 1 at 26.01; Lodgment 2 at 103-04.)

## ARGUMENT

### I.

### ANY FAILURE TO ADVISE PETITIONER THAT RAPE OF AN INTOXICATED PERSON IS A STRIKE UNDER CALIFORNIA LAW DID NOT RENDER PETITIONER'S GUILTY PLEA INVOLUNTARY

In his first claim, Petitioner contends that his plea was involuntary because he was not advised that his conviction for rape of an intoxicated person would qualify as a strike under California's Three Strikes law. (Pet. at 6.) Although the Court of Appeal, in rejecting this claim on habeas corpus, concluded that rape of an intoxicated person did not qualify as a strike, this conclusion was based on an incomplete analysis of the relevant California statutes. (Lodgment 14.) Rape of an intoxicated person is a serious felony, and therefore a strike, under California law and it appears from the record that Petitioner was not so advised. However, Petitioner is not entitled to habeas relief on this claim because the record does not support his contention that he would have rejected the plea had he been so advised and, regardless, whether rape of an intoxicated person was a strike was a collateral consequence of the plea that does not affect the plea's voluntariness.

California's Three Strikes law identifies qualifying prior convictions or "strikes" as any violent felony, as defined in California Penal Code section 667.5(c), or any serious felony, as defined in California Penal Code section 1192.7(c). Cal. Penal Code §§ 667(d)(1), 1170.12(b)(1); *People v. Blackburn*, 72 Cal. App. 4th 1520, 1525, 86 Cal. Rptr. 2d 134 (Cal. Ct. App. 1999). As the Court of Appeal noted in rejecting Petitioner's claim, only rapes committed in violation of California Penal Code sections 262(a)(2) and (a)(6) are defined as violent felonies under California Penal Code section 667.5(c)(3), and Petitioner pled guilty to a violation California Penal Code section 261(a)(3), which is not categorized as a violent felony. (Lodgment 14.)

///

1  However, the Court of Appeal did not consider whether rape as defined in California Penal Code section 261(a)(3) is a serious felony under California Penal Code section 1192.7(c). California Penal Code section 1192.7(c)(3) identifies rape, without citation or further qualification, as a serious felony, and therefore a strike, under California law. California Penal Code section 1192.7(c)'s enumeration of serious felonies applies "'to the criminal *conduct* described therein, *not* to specific criminal offenses[.]'" *People v. Equarte*, 42 Cal. 3d 456, 463, 722 P.2d 890, 229 Cal. Rptr. 116 (Cal. 1986) (original italics). Under California law, "[t]he essential guilt of rape consists in the outrage to the person and feelings of the victim of the rape." Cal. Penal Code § 263. There is no question that Petitioner admitted in open court that he raped Crystal. (Lodgment 2 at 103-04.) Consequently, Petitioner's conviction for a violation of California Penal Code section 261(a)(3) is a serious felony under California Penal Code section 1192.7(c)(3) and would qualify Petitioner for sentencing under California's Three Strikes scheme for any future felony offenses.

It appears that neither the parties nor the trial court contemplated that rape of an intoxicated person would qualify as a strike for purposes of future prosecutions. Although item 7c on Petitioner's change of plea form provided, "I understand that my conviction in this case will be a serious/violent felony ("strike") resulting in mandatory denial of probation and substantially increased penalties in any future felony case[,]" that item was not initialed by Petitioner like the other items on the form, but was crossed out. (Lodgment 1 at 26.) At the change of plea hearing, there was no discussion of item 7c by the parties or the court.[2] (Lodgment 2 at 90-100.) Further, both parties agreed that the court had "covered all the necessary points" and expressly declined the opportunity to make any additions to the record. (Lodgment 2 at 101.)

However, even accepting as true Petitioner's allegation that he was not advised at the time of his guilty plea that rape of an intoxicated person was a serious felony and therefore a strike, Petitioner is not entitled to habeas relief. In order to challenge the validity of his guilty plea,

---

2.  The trial court did note that item 7f(7) indicated that the offense was "a prior felony conviction, which . . . can have the effect of increasing punishment for future offenses." (Lodgment 1 at 26; Lodgment 2 at 98.) However, this is a separate and distinct entry on the change of plea form from item 7c regarding the Three Strikes law and there is no indication that either the court or the parties understood this to be a reference to the Three Strikes law.

1 Petitioner "must demonstrate that the advice [of counsel] was not 'within the range of competence
2 demanded of attorneys in criminal cases.' [Citation.]" *Tollett v. Henderson*, 411 U.S. 258, 266, 93
3 S. Ct. 1602, 36 L. Ed. 2d 235 (1973). To do so, Petitioner "must show that there is a reasonable
4 probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted
5 on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985).

Although Petitioner alleges that, had he been advised that he was pleading guilty to a strike, he would have rejected the plea agreement and instead chosen to go to trial (Pet. at 6); this conclusion is not supported by the record. Petitioner was charged with rape of an intoxicated person, rape of an unconscious person, and indecent exposure. In exchange for his plea of guilty to rape of an intoxicated person, the other charges would be dismissed and Petitioner would receive a stayed six-year, midterm sentence and be placed on probation, allowing him to return to his native Colorado, after serving 365 days in jail.

What petitioner sought from his guilty plea was not to avoid pleading guilty to an offense that would render him eligible to sentencing under the Three Strikes law if he reoffended in the future, but rather the grant of probation, the chance to avoid state prison, and the opportunity to return to Colorado. This is clear from Petitioner's motion to withdraw his guilty plea on the basis that he was unaware that the trial court's power to grant probation was conditioned on compliance with the requirements of California Penal Code section 1203.067(a) and the argument presented at the hearing on the motion. (Lodgment 1 at 53-68; Lodgment 2 at 110-134.) In his declaration accompanying his motion to withdraw his plea, Petitioner specifically noted his concern over the possibility that he could be sent to state prison for a ninety-day diagnostic study prior to being granted probation (Lodgment 1 at 68), which indicates the primacy of avoiding state prison in his calculation as to whether to accept the plea agreement. Based on Petitioner's intention to leave California and complete his period of probation in Colorado, it is unlikely in the extreme that, at the time of the plea, he was at all concerned over whether he would be subject to a California recidivist sentencing scheme at some time in the future. Moreover, had he proceeded to trial and been convicted of both rape of an intoxicated person and rape of an unconscious person, he would have been exposed to two prior strikes which would render him liable to indeterminate sentencing for a future felony

conviction. Consequently, as the record does not demonstrate that Petitioner would have rejected the plea had he known that rape of an intoxicated person was a strike, he is not entitled to habeas relief. *See Hill v. Lockhart*, 474 U.S. at 59.

Further, even assuming Petitioner was not advised that rape of an intoxicated person was a serious felony, this omission would not render his guilty plea involuntary because this was a collateral consequence of the plea. As the Ninth circuit has explained,

> A guilty plea is voluntary only if it is made by one fully aware of the direct consequences of the plea. [Citation.] The distinction between a direct and collateral consequence 'turns on whether the result represents a definite, immediate and largely automatic effect on the range of the defendant's punishment.' [Citation.] The possibility that the defendant will be convicted of another offense in the future and will receive an enhanced sentence based on an instant conviction is not a direct consequence of a guilty plea. [Citation.]

*United States v. Brownlie*, 915 F.2d 527, 528 (9th Cir. 1990).

Consequently, the fact the Petitioner's guilty plea would render him subject to Three Strikes sentencing if he committed another felony in California in the future was a collateral consequence that did not affect the voluntariness of Petitioner's guilty plea. *See id.* His claim is without merit.

## II.

### THE STATE COURT'S REJECTION OF PETITIONER'S SECOND CLAIM THAT HE WAS NOT ADVISED OF THE CONDITIONS OF HIS PROBATION WAS REASONABLE

In his second claim, Petitioner alleges that his right to due process was violated because he was not informed that he was required to report to Probation before returning to Colorado or otherwise notified of the conditions of his probation. (Pet. at 7.) Petitioner presented this claim to the California Supreme Court in a petition for writ of habeas corpus. (Lodgment 15.) The California Supreme Court denied the petition without citation or comment. (Lodgment 16.) Petitioner cannot demonstrate that the state court's rejection of his claim was contrary to, or an unreasonable application of, controlling United States Supreme Court authority or the facts presented.

Federal habeas corpus lies only to correct violations of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254; *Estelle v. McGuire*, 502 U.S. 62, 68, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991). As the instant Petition was filed in 2007, it is therefore subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *Smith v. Robbins*, 528 U.S.

259, 268 n.3, 120 S. Ct. 746, 145 L. Ed. 2d 756. An application for a writ of habeas corpus by a state prisoner may not be granted based on a state court's determination of the merits of a claim unless the state court determination "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); *see also Carey v. Musladin*, 549 U.S. 70, ___, 127 S. Ct. 649, 652, 166 L. Ed. 2d 482 (2006).

> A state court determination will be contrary to clearly established federal law if the state court applies a rule that contradicts the governing law set forth in our cases or 'if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent.'

*Lockyer v. Andrade*, 538 U.S. 63, 73, 123 S. Ct. 1166, 155 L. Ed. 2d 144 (2003).

A state court determination will be an unreasonable application of clearly established federal law

> if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. [Citation.] The 'unreasonable application' clause requires the state court decision to be more than incorrect or erroneous. [Citation.] The state court's application of clearly established law must be objectively unreasonable. [Citation.]

*Id.* at 75.

This "highly deferential standard" demands that federal courts give state court decisions "the benefit of the doubt." *Woodford. v. Visciotti*, 537 U.S. 19, 24, 123 S. Ct. 257, 154, L. Ed. 2d 279 (2002.) Thus, the AEDPA "significantly curtails the scope of collateral review," *Earnest v. Dorsey*, 87 F.3d 1123, 1127 n.1 (10th Cir. 1996), by creating a "new, highly deferential standard for evaluating state court rulings" on federal habeas corpus. *Lindh v. Murphy*, 521 U.S. 320, 334 n.7, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).

Where the state court has summarily denied a claim, a federal court independently reviews the entire record and applies 28 U.S.C. § 2254(d) to determine "'whether the state court's resolution of the case constituted an unreasonable application of clearly established federal law.'" *Greene v. Lambert*, 288 F.3d 1081, 1089 (9th Cir. 2002); *see also Himes v. Thompson*, 336 F.3d 848, 853 (9th Cir. 2003).

///

Due process entitles a probationer to notice of alleged violations of probation. *Gagnon v. Scarpelli*, 411 U.S. 778, 786, 93 S. Ct. 1756, 36 L. Ed. 2d 656 (1973). This includes notice of those acts which may lead to revocation of probation. *United States v. Dane*, 570 F.2d 840, 843 (9th Cir. 1977). As the Ninth Circuit explained,

> As a general matter, formal conditions of probation serve the purpose of giving notice of proscribed activities. But a formal condition is not essential for purposes of notice. Courts have sustained the revocation of probation for criminal activity committed prior to the effective date of the conditions, [citation], or where the defendant was not aware of the conditions, [citation]. In such a case, knowledge of the criminal law is imputed to the probationer, as is an understanding that violation of the law will lead to the revocation of probation. On the other hand, where the proscribed acts are not criminal, due process mandates that the petitioner cannot be subjected to a forfeiture of his liberty for those acts unless he is given prior fair warning. [Citations.] Of course, where the warning is not contained in a formal condition, the record must be closely scrutinized to determine whether the defendant did, in fact, receive the requisite warning.

*United States v. Dane*, 570 F.2d at 843-44 (footnote omitted).

In this case, Petitioner alleges that he was not informed of his probation conditions and, upon release from county jail, he was "Under the [i]mpression that Petitioner would be allowed to Leave the state [to] reside and start his Probation in his Domicile State [Colorado]." (Pet. at 7.) The record belies this contention.

The trial court, in its order granting probation, set forth in detail the terms and conditions of probation. (Lodgment 1 at 75-78.) At the sentencing hearing, the trial court expressly noted that a copy of this order would be served on counsel. (Lodgment 2 at 141.) Although Petitioner alleges that his attorney never provided him with a copy of the order or otherwise informed him of the conditions of probation, he offers nothing more than his own self-serving statements to support this contention. Conspicuously absent is a declaration of trial counsel to this effect.

Moreover, even assuming Petitioner did not receive a copy of the probation order detailing the terms and conditions of his probation, he was adequately placed on notice of those conditions by the court. At the sentencing hearing, the trial court discussed the conditions on the record and asked if Petitioner accepted those terms and conditions. Petitioner said, "Yes." (Lodgment 2 at 141-45.) This was adequate to place Petitioner on notice as to what was expected of him.

Upon his release from county jail, Petitioner, without reporting to the Probation Department, fled to his grandmother's residence in Aurora, Colorado. When contacted on the telephone by

Case 3:08-cv-00166-IEG-LSP   Document 11-2   Filed 06/26/2008   Page 14 of 18

1  Aurora Police Detective Dave Dryoff, Petitioner refused to turn himself in. Police placed the
2  grandmother's residence under surveillance and followed Petitioner and his grandmother to a
3  Conoco gas station. Petitioner ran from officers and, when confronted, Petitioner reached to his
4  waistband and refused orders to get on the ground. Officers finally subdued Petitioner and took him
5  into custody. At the time of his arrest, he had a plastic baggie of marijuana in each sock and $387
6  in small bills in his wallet. (Lodgment 1 at 82-83.) Petitioner did not contest the essential details
7  of his flight and capture, although he claimed that he was unaware that he was required to report to
8  Probation prior to returning to Colorado. (Lodgment 2 at 152-60.)

Petitioner's possession of marijuana concealed in his socks and his efforts to evade the police in Aurora clearly indicated knowledge that he was in violation of his probation. Again, "knowledge of the criminal law is imputed to the probationer, as is an understanding that violation of the law will lead to the revocation of probation." *United States v. Dane*, 570 F.2d at 844. Moreover, Petitioner was alleged to have violated ten conditions of his probation (conditions 3a, 3d, 3f, 6d, 6f, 6h, 6i, 6j, 6m, 8d, and 12a) and Petitioner did not contest the essential fact that he was in violation of each of these conditions. Consequently, even assuming there were some defects in the notice of the conditions of probation, any such defect did not have a substantial and injurious effect on the outcome of the revocation hearing. *See Brecht v. Abrahamson*, 507 U.S. 619, 627, 113 S. Ct. 1710, 123 L. Ed. 2d 353 (1993). Petitioner's claim is without merit.

### III.

### PETITIONER'S THIRD, FOURTH, AND FIFTH CLAIMS ARE BARRED UNDER *TOLLET V. HENDERSON*

In his third claim, Petitioner contends that he received constitutionally ineffective assistance of counsel based on his trial attorney's alleged failure to adequately investigate his case and discover mitigating evidence, which he contends would have resulted in Petitioner obtaining a stipulated low-term sentence as part of his plea bargain. (Pet. at 8.) In his fourth claim, Petitioner contends that his trial counsel was ineffective for failing to prepare and present a defense to the charges. (Pet. at 9.) In his fifth claim, Petitioner contends that he was interrogated in violation of *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966). (Pet. at 10.) Petitioner presented these

08-0166 IEG (LSP)

9

claims to the California Supreme Court in a petition for writ of habeas corpus. (Lodgment 15.) The California Supreme Court denied the petition without citation or comment. (Lodgment 16.) Petitioner cannot demonstrate that the state court's rejection of his claims was contrary to, or an unreasonable application of, controlling United States Supreme Court authority or the facts presented.

Petitioner's claims are barred by the fact of his guilty plea under *Tollet v. Henderson*, 411 U.S. 258, 267, 93 S. Ct. 1602, 36 L. Ed. 2d 235 (1973). "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Id.* Consequently, his plea and the resulting sentence "may not be collaterally attacked merely because the defendant made what turned out, in retrospect, to be a poor deal." *Bradshaw v. Stumpf*, 545 U.S. 175, 186, 125 S. Ct. 2398, 162 L. Ed. 2d 143 (2005). As Petitioner's claims allege various constitutional defects occurring prior to his entry of the guilty plea, his claims are without merit.

## IV.

### THE STATE COURT REASONABLY REJECTED PETITIONER'S SIXTH CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL

In his sixth claim, Petitioner contends that his attorney provided constitutionally ineffective assistance of counsel at the probation revocation hearing. (Pet. at 11.) Petitioner presented this claim to the California Supreme Court in a petition for writ of habeas corpus. (Lodgment 15.) The California Supreme Court denied the petition without citation or comment. (Lodgment 16.) Petitioner cannot demonstrate that the state court's rejection of his claim was contrary to, or an unreasonable application of, controlling United States Supreme Court authority or the facts presented.

The federal constitutional standard for ineffective assistance of counsel requires a habeas from Petitioner to establish each of two prongs: (1) that counsel's performance fell below an objective standard of reasonableness, under prevailing norms of practice, and (2) that the defendant was prejudiced, in the sense that he would have received a more favorable result but for counsel's

1 unprofessional errors. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). In order to succeed on an ineffective assistance claim, a petitioner must make a sufficient factual showing to substantiate the claims. *United States v. Schaflander*, 743 F.2d 714, 721 (9th Cir. 1984). Vague and speculative assertions of counsel's ineffectiveness are deficient. *United States v. Taylor*, 802 F.2d 1108, 1119 (9th Cir. 1986).

Although Petitioner alleges that his defense counsel failed to adequately prepare and present a defense to his numerous alleged violations of the conditions of his probation, he fails to identify with any degree of specificity what viable defense he had to those allegations. The only possible defense he suggests is an alleged lack of notice of those conditions. However, as discussed in Argument II, *supra*, Petitioner was adequately notified of the conditions of his probation. Moreover, the record reflects that defense counsel pursued this line of argument before the trial court at the probation revocation hearing. (Lodgment 2 at 152-60.) Petitioner cannot demonstrate that the state court's rejection of his claim of ineffective assistance of counsel was unreasonable.

V.

**THE STATE COURT REASONABLY REJECTED PETITIONER'S SEVENTH CLAIM ATTACKING THE VALIDITY OF THE GUILTY PLEA**

In his seventh claim, Petitioner alleges that there was no factual basis for his guilty plea and that his plea was involuntary because he was manipulated and under extreme duress. (Pet. at 12.) Petitioner presented this claim to the California Supreme Court in a petition for writ of habeas corpus. (Lodgment 15.) The California Supreme Court denied the petition without citation or comment. (Lodgment 16.) Petitioner cannot demonstrate that the state court's rejection of his claim was contrary to, or an unreasonable application of, controlling United States Supreme Court authority or the facts presented.

First, the Ninth Circuit has held that "the due process clause does not impose on a state court the duty to establish a factual basis for a guilty plea absent special circumstances." *Rodriguez v. Rickets*, 777 F.2d 527, 528 (9th Cir. 1985). Consequently, Petitioner's claim fails to allege a federal constitutional violation and should be rejected. Moreover, the trial court did establish a factual basis for the plea. (Lodgment 1 at 26.01; Lodgment 2 at 103-104.)

1 | Petitioner's claim that his plea was involuntary similarly fails. In determining whether a plea
2 | was knowingly, voluntarily, and intelligently made, reviewing courts accord a strong presumption
3 | of truth to declarations made by defendants in open court. *Blackledge v. Allison*, 431 U.S. 63, 74,
4 | 97 S. Ct. 1621, 52 L. Ed. 2d 136 (1977). These declarations constitute a formidable barrier in
5 | subsequent proceedings. *Blackledge v. Allison*, 431 U.S. at 73-74. "[A] plea's validity may not be
6 | collaterally attacked merely because the defendant made what turned out, in retrospect, to be a poor
7 | deal." *Bradshaw v. Stumpf*, 545 U.S. at 186. Petitioner offers nothing more than his own, self-
8 | serving statements to support his claim that the plea was involuntary. This is not sufficient to
9 | overcome the "strong presumption" recognized in *Blackledge*. Petitioner's claim is without merit.

# CONCLUSION

For the foregoing reasons, Respondent respectfully requests that the Petition for Writ of Habeas Corpus be denied with prejudice and that no certificate of appealability issue from the denial.

Dated: June 26, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

GARY W. SCHONS
Senior Assistant Attorney General

KEVIN VIENNA
Supervising Deputy Attorney General

s/ DANIEL ROGERS
Deputy Attorney General

Attorneys for Respondent

DR:sam
70128596.wpd
SD2008800510